1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JOHN P. DEVINE, State Bar No. 170773
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-5522
    Fax:  (415) 703-5480
6   Email:  John.Devine@doj.ca.gov

7  Attorneys for Defendants State of California and
   Superior Court of California, County of Del Norte
8

9
              IN THE UNITED STATES DISTRICT COURT
10
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13 | JOHN GIMBEL,                          | Case No. C 07-05816 CRB
14 |                                        | DEFENDANTS STATE OF CALIFORNIA'S AND SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
15 |                        Plaintiff,
16 |   v.
17 |
18 | STATE OF CALIFORNIA, et al.,
19 |
20 |                        Defendants.     | Date: March 14, 2008
                                             Time: 10:00 a.m.
21                                           Ctrm: 8
                                             Judge: Hon. Charles R. Breyer
22

23 TO PLAINTIFF IN PROPRIA PERSONA:

24     PLEASE TAKE NOTICE that on Friday, March 14, 2008, at 10:00 a.m., or as soon

25 thereafter as the matter may be heard before the Honorable Charles R. Breyer, United States

26 District Judge, in Courtroom 8 of the above-entitled court, located at the Federal Building, 450

27 Golden Gate Avenue, San Francisco, California, defendants State of California and Superior

28 Court of California, County of Del Norte will and hereby do move this Court to dismiss this

action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiff's complaint is barred because it fails to state a claim against defendants upon which relief can be granted, in that:

    1. The claims against defendants are barred by the Eleventh Amendment to the United States Constitution; and

    2. The claims against defendants are precluded because they are not subject to suit under 42 U.S.C. section 1983.

    Wherefore, defendants pray that the motion to dismiss be granted and the plaintiff's complaint be dismissed with prejudice.

    This motion is and shall be based upon this notice of motion and motion to dismiss, the accompanying memorandum of points and authorities, the pleadings and papers on file herein, and such oral and written material as may be presented at the hearing of this motion.

Dated: February 5, 2008.

                  Respectfully submitted,

                  EDMUND G. BROWN JR.
                  Attorney General of the State of California

                  PAUL T. HAMMERNESS
                  Supervising Deputy Attorney General

                   s/John P. Devine
                  JOHN P. DEVINE
                  Deputy Attorney General

                  Attorneys for Defendants State of California and
                  Superior Court of California, County of Del Norte

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

**A. Nature Of This Action; Plaintiff's Claims**

This action regards damages and declaratory relief sought by plaintiff against, *inter alia,* the State of California and Superior Court of California, County of Del Norte.

Plaintiff has previously filed a related civil action, in which the State of California was dismissed by Judge Jenkins pursuant to the 11th Amendment to the United States Constitution, and the remainder of the lawsuit was subsequently dismissed by Judge Armstrong.  (See Request for Judicial Notice, Exhibit 1 – Order Granting Defendant State of California's Motion to Dismiss, p. 6, lines 10-12 "Because Plaintiff's Complaint raises federal claims and state law claims against the State of California and the state does not consent to be sued, the claims are barred by the Eleventh Amendment." *(John Gimbel v. State of California et al.*, United States District Court for the Northern District of California, Case No. C 07-0113 MJJ) and Exhibit 2 – Order, p. 2, lines 1-3 "The Court need not look past the first sentence of Gimbel's 'Amended Complaint' to see that it is nothing more than profanity-ridden drivel, replete with racial epithets directed at specific members of this Court, and should be dismissed with prejudice." (*John Gimbel v. State of California et al.*, United States District Court for the Northern District of California, Case No. C 07-0113 SBA).

As it seemingly relates to defendants State of California and Superior Court of California, plaintiff alleges that various events by the court in both his civil and criminal actions violated his rights under federal and state law.  (Pl. Compl. *passim*).

For these alleged violations, plaintiff now seeks damages and injunctive relief.  (Pl. Compl. ¶¶ 363-364).

**B. Grounds for this Motion**

Several jurisdictional impediments prevent both the requested damages and declaratory relief sought by plaintiff.

First and foremost, the Eleventh Amendment to the United States Constitution precludes federal jurisdiction over the State of California and its instrumentalities, which includes the

1  Superior Court of California. Additionally, defendants are not subject to suit under 42 U.S.C
2  section 1983 because the State of California and the Superior Court of California do not fall
3  under its specific provisions.
4      As a result of these barriers to federal jurisdiction, defendants State of California and
5  Superior Court of California request that the plaintiff's claims for damages and declaratory relief
6  be summarily denied, and that his complaint be dismissed with prejudice.

7                                      **ARGUMENT**
8                                           **I**
9  **ELEVENTH AMENDMENT TO THE UNITED STATES
   CONSTITUTION BARS FEDERAL COURT JURISDICTION OVER
10 CLAIMS AGAINST STATES AND STATE ENTITIES**

11     The Eleventh Amendment provides:

12         [T]he judicial power of the United States shall not be construed to
           extend to any suit in law or equity, commenced or prosecuted
13         against one of the United States by citizens of another state . . . .

14 U.S. Const. Amend. XI. The Eleventh Amendment bars suits which seek either damages or
15 injunctive relief against a state, an arm of the state, its instrumentalities or its agencies. *Durning*
16 *v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).
17     In *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.
18 1987), the Court of Appeals emphasized that the California Superior Court is a state agency and
19 cited the following fact:

20         . . . state case law and constitutional provisions make clear that the
           Court that the Court is a State agency. See Cal. Const. art. 6 §§ 1, 5
21         (West Supp. 1986); *Sacramento & San Joaquin Drainage Dist. v.
           Superior Court*, 196 Cal. 414,432, 238 P. 687, 694 (1925). The official
22         name of the court is the Superior Court of the State of California; its
           geographical location within any particular county cannot change the
23         fact that the court derives its power from the State and is ultimately
           regulated by the State.
24
   Importantly, the Court of Appeals noted that "Since the eleventh amendment by its terms bars
25
   suits against a state in "law or equity," *our holding necessarily applies also to plaintiffs' claims*
26
   *against the Superior Court for injunctive and declaratory relief*." (Emphasis added) *Ibid.*
27
       The Court of Appeals stated that "We conclude that a suit against the Superior Court is a
28

1  suit against the State, barred by the eleventh amendment." *Ibid.*

2  The Eleventh Amendment is a specific constitutional bar against hearing even federal
3  claims that otherwise would be within the jurisdiction of the federal courts. *Pennhurst State*
4  *School & Hosp. v. Halderman,* 465 U.S. 89, 120 (1984). This constitutional bar include any
5  pendent state claims that might be made. *Ibid.*

6  Here, plaintiff's allegations against defendants State of California and Superior Court of
7  California relate to actions that occurred during civil and criminal proceedings involving him.

8  Given the bar of Eleventh Amendment immunity, this Court lacks jurisdiction and
9  plaintiff's complaint should be dismissed with prejudice.

10  **II**

11  **FEDERAL LAW PRECLUDES JURISDICTION BECAUSE DEFENDANTS THE STATE OF CALIFORNIA AND THE**
12  **SUPERIOR COURT OF CALIFORNIA ARE NOT A "PERSON" SUABLE UNDER 42 U.S.C. § 1983**
13

14  The Supreme Court has declared that states are not "persons" for purposes of Section 1983
15  of the Civil Rights Act of 1871, and thus are not subject to suit under Section 1983. *Will v.*
16  *Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Likewise, other "arms of the state"
17  are not "persons" and cannot be sued under that statute. *Gilbreath v. Cutter Biological, Inc.*, 931
18  F.2d 1320, 1327 (9th Cir. 1991). As previously mentioned, defendant Superior Court of
19  California is a arm of the state.

20  As a result, plaintiff's complaint ought to be dismissed because under 42 U.S.C. section
21  1983, he is precluded from bringing a lawsuit against defendants State of California and Superior
22  Court of California.

23  **CONCLUSION**

24  For the foregoing reasons, defendants State of California and Superior Court of California
25  request that the Court dismiss plaintiff's complaint with prejudice.

26  ///
27  ///
28  ///

State Defts' NOM & MTD; Memo. of Ps. & As.                    Gimbel v. State of California, et al.
C 07-05816 CRB

5

1  Dated:  February 5, 2008.

2  Respectfully submitted,

3  EDMUND G. BROWN JR.
Attorney General of the State of California

4  PAUL T. HAMMERNESS
Supervising Deputy Attorney General

5

6

7   s/John P. Devine
JOHN P. DEVINE

8  Deputy Attorney General

9  Attorneys for Defendants State of California and Superior Court of California, County of Del Norte

State Defts' NOM & MTD; Memo. of Ps. & As.                              Gimbel v. State of California, et al.
                                                                                            C 07-05816 CRB