1  John M Vrieze, CSB #115397
   William F. Mitchell, CSB #159831
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA  95502
   Tel:  (707) 443-5643
5  Fax: (707) 444-9586

6  Attorney for Defendants County of Del Norte,
   Del Norte County Sheriff's Dept., Frank Villarreal
7  and District Attorney Michael Riese

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
   JOHN GIMBEL,                          CASE NO.: C 07-5816 CRB
12
          Plaintiff,                     NOTICE AND MEMORANDUM OF
13                                       POINTS AND AUTHORITIES IN
   vs.                                   SUPPORT OF MOTION TO DISMISS
14                                       COMPLAINT PURSUANT TO F.R.C.P.
   STATE OF CALIFORNIA, COUNTY OF        RULES 12(b)(1) AND 12(b)(6); OR, IN
15 DEL NORTE, DEL NORTE COUNTY           THE ALTERNATIVE, MOTION FOR A
   SHERIFF'S DEPARTMENT, FRANK           MORE DEFINITE STATEMENT
16 VILLARREAL, DEL NORTE DISTRICT        AND/OR MOTION TO STRIKE
   ATTORNEY, UNNAMED                     PURSUANT TO F.R.C.P. RULES 12(e),
17 ACCOMPLICE "DOE" TO                   and 12(f)
   VILLARREAL, DEL NORTE SUPERIOR
18 COURT,
                                         Date:  March 14, 2008
19        Defendants.                    Time: 10:00 a.m.
                                         Ctrm: 8, 19th Flr.
20

21

22 _____

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

0

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

NOTICE ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 2

I.    INTRODUCTION ......................................................................................... 2

II.   FACTUAL BACKGROUND ......................................................................... 3

III.  LEGAL STANDARDS ................................................................................. 7

      A.    MOTION TO DISMISS STANDARDS............................................ 7

IV.   ANALYSIS .................................................................................................... 9

      A.    PLAINTIFF'S COMPLAINT IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE ..................................................................... 9

      B.    PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL .............. 11

            THE DOCTRINES OF RES JUDICATA AND COLATTERAL ESTOPPEL ARE GENERALLY APPLICABLE TO CLAIMS ASSERTED PURSUANT TO 42 U.S.C. §1983 .................................................................. 12

      C.    PLAINTIFF FAILS TO STATE A §1983 CLAIM AGAINST DEFENDANT FRANK VILLARREAL .......................................... 14

      D.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS IT FAILS TO ALLEGE ANY COGNIZABLE CLAIM FOR RELIEF .................................................................................................. 15

            1.    DEFENDANT VILLARREAL............................................... 15

            2.    PLAINTIFF FAILS TO ALLEGE ANY CAUSE OF ACTION AGAINST THE "DEL NORTE DISTRICT ATTORNEY." .................................................................. 16

            3.    THE COMPLAINT FAILS TO STATE A §1983 CLAIM AGAINST THE COUNTY OF DEL NORTE, ALSO ERRONEOUSLY SUED AS DEL NORTE COUNTY SHERIFF'S DEPARTMENT ............................................... 17

      E.    PLAINTIFF'S ENTIRE COMPLAINT SHOULD ALSO BE STRICKEN AS ARGUMENTATIVE, VAGUE, AMBIGUOUS AND UNINTELLIGIBLE. ............................................................. 18

V.    CONCLUSION ........................................................................................... 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## NOTICE

PLEASE TAKE NOTICE that on **March 14, 2008, at 10:00 a.m.** in the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California, Defendants County of Del Norte, also erroneously named Del Norte County Sheriff's Department, Frank Villarreal and District Attorney Michael Riese, separating themselves from all other defendants herein, will move the Court for dismissal of plaintiff's complaint as to these defendant. The motion is brought pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the court lacks subject matter jurisdiction over the complaint, and under 12(b)(6), on the ground that the complaint fails to state a valid cause of action as to the moving defendants, as set forth below. In the alternative, defendants will move the Court for an order striking the complaint and/or requiring a more definite statement of the basis of liability in compliance with Rule 8, Rule 12(e) and/or Rule 12(f) of the Federal Rules of Civil Procedure.

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

## TABLE OF AUTHORITIES

Federal Cases

*AETNA Life Insurance Co. v. Allah Medical Services, Inc.*, 855 F.2d 1470 (9th Cir. 1998) ...................................................................................................... 7

*Allen v. McCurry*, 449 U.S. 90 (1980) ................................................. 12

*Baluster v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1990).................. 8

*Beard v. Udall*, 648 F.2d 1264 (9th Cir.1981) ........................................ 16

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) ................................. 7, 9, 10

*Blonder-Tongue Laboratories v. Univ. of Ill. Found.*, 402 U.S. 313 (1971) ......... 13

*Branson v. Nott*, 62 F.3d 287 (9th Cir.1995) .......................................... 9

*City of Canton v. Harris*, 489 U.S. 378 (1989) ...................................... 17

*Conley v. Gibson*, 355 U.S. 421 (1957) ................................................. 8

*Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495 (3d Cir.1972).... 12

*De La Cruz v. Toomey*, 582 F.2d 45 (9th Cir. 1978)................................... 8

*Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F.Sup.2d 473 (2003)..................................................................... 18

*Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363 (S.D.N.Y. 1966) ................ 8

*Guild Wineries v. Whitehall Co.*, 853 F.2d 755 (9th Cir.1988) ...................... 13

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Circuit, 1989)............................................................................................ 7

*Hawkins v. Risley*, 984 F.2d 321 (9th Cir.1993) ..................................... 12

*Heck v. Humphrey*, 512 U.S. 477 (1994) ............................................... 12

*Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160 (9th Cir. 2006)........................................................................... 9, 11

*Imbler v. Pittman*, 424 U.S. 409 (1976)............................................... 16, 17

*KRL v. Moore*, 384 F.3d 1105 (9th Cir. 2004)......................................... 17

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .......................................... 7

*Martin v. Hunt*, 28 F.R.D. 35 (1961) ..................................................................... 18

*Migra v. Warren City School District*, 465 U.S. 75 (1984) .................................... 12

*Nanavati v. Burdette Tomlin Memorial Hospital*, 857 F.2d 96 (3rd Cir.1988) 13,16

*Noel v. Hall*, 341 F.3d 1148 (9th Cir.2003) ............................................................. 9

*Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402 (9th Cir. 1993) .................................... 13

*Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir.1992)...................................................... 17

*Rosenfeld v. Egy*, 346 F.3d 11 (3rd Cir. 2003)................................................. 10, 11

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir.1984) ................................................. 12

*SEC v. Seaboard Corp.*, 677 F.2d 1315 (9th Cir. 1982) .......................................... 7

*Sider v. Valley Line*, 857 F.2d 1043 (5th Cir.1988) ......................................... 12, 13

*Swartz v. KPMG,* 476 F.3d 756 (9th Cir. 2007)...................................................... 7

*Texas Employers' Insurance Association v. Jackson*, 862 F.2d 491 (5th Cir.1988)

......................................................................................................................... 13

*West v. Atkins*, 487 U.S. 42, 108 S.C.T. 2250 (1988) ............................................ 15

*Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986)................ 7, 10

*Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675 (9th Cir.

1984) ............................................................................................................... 17

*Zhu v. Federal Housing Finance Bd.* 389 F.Supp.2d 1253, 1273 (D.Kan.,2005) 11

State Cases

*Barker v. Hull*, 191 Cal.App.3d 221 (1987)............................................................ 13

*Carroll v. Puritan Leasing Co.*, 77 Cal.App.3d 481 (1978) .................................. 13

*Castro v. Higaki*, 31 Cal.App.4th 350, 357 (1994)................................................ 13

*Merry v. Coast Community College Dist.*, 97 Cal.App.3d 214 (1979).................. 13

*Slater v. Blackwood*, 15 Cal.3d 791 (1975) ........................................................... 13

Federal Statutes

28 U.S.C. §1738 ............................................................................................. 12

42 U.S.C. §1983 ..................................................................................... passim

 Federal Rules

F.R.C.P. 8 ................................................................................................. 8, 15

F.R.C.P. 12(b)(1) ......................................................................................... 11

F.R.C.P. 12(b)(6) ................................................................................. 7, 8, 12

F.R.C.P. 12(e) ................................................................................................. 8

F.R.C.P. 12(f) ................................................................................................. 8

State Statutes

C.C.P. 527.6 ......................................................................................... 3, 8, 11

Penal Code §653m(a) ................................................................................... 16

Penal Code §166(a)(1)(4) ............................................................................ 16

Vehicle Code §16028(a) ................................................................................. 4

Vehicle Code §24603(b) ................................................................................. 4

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3    I.    **INTRODUCTION**

4          This case arises from the issuance of a one year restraining order, prohibiting

5    plaintiff John Gimbel from harassing and contacting Frank Villarreal by telephone or in

6    person.  The restraining order was effective from July 21, 2006 to July 21, 2007.  The

7    initiating harassment involved a series of phone calls to defendant Villarreal's place of

8    employment (the Del Norte County Sheriff's Department), following the issuance of a

9    citation for inoperable brake lights and for failure to provide proof of automobile liability

10   insurance, as required by the California Financial Responsibility laws.

11          The messages left on Mr. Villarreal's answering machine were vulgar attacks on

12   his character, disparaged his chosen employment, and even suggested that he should kill

13   himself, all of which annoyed, harassed and caused Mr. Villarreal severe emotional

14   distress.

15          Mr. Villarreal commenced a state civil court action seeking the restraining order.

16   Two civil trials were held.  Plaintiff failed to appear at the first trial on June 23, 2006,

17   claiming he had gone to the wrong courtroom.  Judge Follett granted a motion to set aside

18   the restraining order issued at the conclusion of the June 6, 2006 trial, and a second trial

19   was held on July 21, 2006 at which time the one year restraining order was issued.

20          Plaintiff appealed the issuance of the restraining order to the Court of Appeal for

21   the State of California.  On appeal, plaintiff claimed his phone contacts with Mr.

22   Villarreal were protected by his right of free speech under the First Amendment of the

23   United States Constitution.  After briefing, the Court of Appeal for the State of California

24   affirmed the Court's Order granting the restraining order.

25          Plaintiff now attempts in federal court to seek relief under 42 U.S.C. §1983,

26   alleging once again violation of his First Amendment rights to free speech, which has

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

2

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1   been previously litigated in state court.  As will be shown below, this claim is barred by

2   the *Rooker-Feldman* doctrine, and the doctrines of res judicata and collateral estoppel.

3   Furthermore, plaintiff's complaint is subject to dismissal on the ground plaintiff's

4   complaint fails to state a valid claim for relief against any of the above named defendants.

5

6   **II.     FACTUAL BACKGROUND**

7       Plaintiff attempts to allege a claim for relief under 42 U.S.C. §1983 for the reasons

8   set forth in ¶4 of the Complaint, which reads:

9           "Plaintiff sues now over a restraining order that was taken against
            himself (exhibit A in the declaration of John Gimbel filed
10          simultaneously with this complaint) via CCP 527.6 for pure speech on
            a telephone, to an answering machine.  Claimant firmly believes the
11          speech at first glance, with little else, could be found protected, as the
            speech itself significantly causes to visualize the context for why the
12          speech was made." (Complaint, ¶4)

13      Aside from this specific allegation, plaintiff's 85 page complaint lacks any other

14  specific allegation that would rise to the level of a claim for relief against any named

15  defendant. (*See generally*, Complaint and Declaration of John Gimbel, hereafter Dec. of

16  J.G., filed simultaneously with Complaint.)

17      On May 16, 2006 plaintiff, who was driving a 1979 Ford Fiesta, was stopped by

18  Deputy Frank Villarreal. (Complaint, ¶102; Dec. of J.G., Ex. N.)  Plaintiff's brake lights

19  were not working, and plaintiff admits that the brake lights were non-operational.  (Dec.

20  of J.G., Ex. B p. 10, lns. 12-16[1], Ex. F p. 32, lns. 8-19.)  Deputy Villarreal issued plaintiff

21  a citation for failure to have operational brake lights and also for failing to have proper

22  proof of insurance for financial responsibility, as required by the California Vehicle

23  Code. (Dec. of J.G., Ex. N.)  Plaintiff objected to the citation for failing to have proper

24  _____

25  [1] "And I might point out, by the way, I am not harping on the brake thing.  You know, I
    like to watch that stuff myself.  Nobody, not even the worst so-called thug in the world
26  would ever go without brake lights because nobody wants to get read-ended."

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1  proof of automobile liability insurance, and he commenced a campaign of harassment

2  against Mr. Villarreal because of this misunderstanding. Ultimately, on March 26, 2007,

3  plaintiff was found guilty of violating Vehicle Code §24603(b) (failure to have

4  operational brake light) and not guilty on the charge of violation of Vehicle Code

5  §16028(a) (failure to comply with financial responsibility laws). (Dec. of J.G., Ex. P.)

6       After issuance of the citation, plaintiff left a series of vulgar, annoying and abusive

7  messages on Mr. Villarreal's answering machine at the Del Norte County Sheriff's

8  Department. These were initiated by plaintiff on May 21, 2006. (Complaint, ¶5; Dec. of

9  J.G., Ex. B.[2]) Plaintiff continued the harassment on May 29, 2006. (Complaint, ¶5, Dec.

10 of J.G., Ex. B, (Tape 2 of 2 – May 29, 2006).) This message culminated with the

11 following final verbal assault:

12      "MR. GIMBEL: Shit-a-real fuckup, we figured out you had
        (unintelligible) the other day. You didn't know your fucking face
13      from a hole in the ground about self-insurance. Hey, maybe it was
        because our getting old or something, fuckup; or, hey, maybe you are
14      more wacko than usual, huh; or more – more of a moron than you
        usually fucking are. You know, be sure to tell the Judge who the
15      holdup man was about this fuckup, didn't know what self-insurance
        was, fucking damn thug. Go kill yourself, fucking damn thug. Save
16      the Judge the trouble of having to." (*Id.* p. 2 (Tape Two of Two),
        lns. 7-17)
17
        June 5, 2006 Mr. Villarreal filed with the Del Norte County Superior
18
    Court a request for orders to stop harassment and a notice of hearing and
19
    temporary restraining order as a result of the above harassing phone calls.
20
    (Dec. of J.G., Ex. A.)
21
        On June 23, 2006 Mr. Villarreal appeared at the hearing on the request
22
    for a restraining order. (Dec. of J.G., Ex. F. pg. 5, lns. 5-15.) Plaintiff failed to
23

24  ——————————————

25  [2] Plaintiff attached to his Declaration filed with the Complaint cassette recordings of these
    abusive messages. According to plaintiff, Exhibit B is a transcript of the recordings left
26  on Mr. Villarreal answering machine at his place of work. This transcript clearly shows
    the vulgar nature and extent of the ongoing harassment of Mr. Villarreal.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

4

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1   appear at this hearing when it was called by the court. (*Id.*) Testimony was

2   taken by the court and the court issued the restraining order, finding "by clear

3   and convincing evidence that the defendant has engaged in a course of conduct

4   directed at you [Frank Villarreal] and that seriously annoys, harasses and alarms

5   you and serves no legitimate purpose. And it is such that it would cause a

6   reasonable person to suffer substantial emotional distress, taking into account

7   the suggestion you kill yourself and horrendous language that he used...." (*Id.,*

8   pg. 7, lns. 21-27.)[3]   Judge Follett then issued a three year restraining order,

9   prohibiting plaintiff from coming within 100 yards of Mr. Villarreal, his home

10  or vehicle and plaintiff was also prohibited from contacting Mr. Villarreal by

11  telephone. (*Id.,* pg. 10, lns. 5-27.) Of note, the restraining order did not prevent

12  plaintiff from going to or calling persons other than Mr. Villarreal at the Del

13  Norte County Sheriff's Department. (*Id.,* pg. 10, lns. 18-23.)

14         After the court concluded the June 23, 2006 hearing, approximately one

15  and one-half hours later, plaintiff appeared in Judge Follett's court and

16  indicated he has been sitting in the wrong courtroom. (*Id.,* pg. 5, lns. 1-3; pg.

17  11, ln. 10, to pg. 15, ln. 17.)

18         Plaintiff apparently filed a motion to set aside the restraining order,

19  which was granted by Judge Follett on July 21, 2006. (*Id.,* pg. 21, lns. 1-11.)

20  Immediately thereafter, Judge Follett commenced a renewed hearing on the

21  request of Mr. Villarreal for a restraining order against plaintiff. (*Id.*) After

22  hearing witnesses, Judge Follett again granted the restraining order, which was

23  limited to a one year period. (*See generally,* Dec. of J.G., Ex. F pg. 21-41; *see*

24  *also,* Dec. of J.G., Ex. J.)

25

26

---

[3] The presiding judge was the Honorable W. William H. Follett, who is also a named defendant in the present action.

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

5

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1    Plaintiff then appealed to issuance of the restraining to the Court of

2  Appeal for the Sate of California.  The matter was briefed and plaintiff, among

3  other things, asserted that the restraining order was improper because he had

4  only engaged in speech protected by the First Amendment of the United States

5  Constitution.  (Request for Judicial Notice; Exs. B, C to Declaration Of John M.

6  Vreize, hereafter, Dec. of J.V.)  Officer Villarreal filed a brief in opposition.

7  (Request for Judicial Notice, Ex. A of Dec. of J.V.)  On May 15, 2007 the Court

8  of Appeal of the State of California, First Judicial District, affirmed the

9  propriety of the issuance of the July 21, 2006 restraining order by Judge Follett.

10  (Request for Judicial Notice, Exs. D, E of Dec. of J.V.)

11    On November 15, 2007, plaintiff filed his 85 page complaint in the

12  present case.[4]  Despite the title to the complaint, paragraph four is the only

13  paragraph that remotely states a claim for relief, and it challenges the propriety

14

15

16  _____

17  [4] Plaintiff is no stranger to the United States District Court, Northern District of
California.  On January 8, 2007 he filed a complaint (Case No. C 070113 MJJ) alleging

18  violation of his civil rights stemming from the posting of threats on the internet against
the Crescent City Chief of Police in April 2004.  (Request for Judicial Notice, Dec. of

19  J.V., Ex. F.)  Following motions to dismiss, Judge Jenkins dismissed all defendants,
granting most dismissal without prejudice and granting plaintiff thirty days in which to

20  file an amended complaint properly alleging claims.  (Request for Judicial Notice, Dec.
of J.V, Exs. G, H, I.)  Instead of following the instructions of Judge Jenkins, plaintiff

21  filed an amended complaint that amounts to nothing more than a vulgar, racist attack on
Judge Jenkins.  (Request for Judicial Notice, Dec. of J.V., Ex. J.)  Defendants associated

22  with the County of Del Norte and the City of Crescent City again filed motions to
dismiss.  (Request for Judicial Notice, Decl. J.V., Exs. K, L.)  The case, which had been

23  reassigned to the Honorable Judge Saundra Armstrong, was then dismissed with
prejudice on September 18, 2007.  (Request for Judicial Notice, Dec. of J.V., Ex. M.)

24  

25    Plaintiff then filed a notice of appeal, and that action is now on appeal to the
United States County of Appeals for the 9th Circuit.  (Request for Judicial Notice, Dec. of

26  J.V., Ex. N, Case No. 07-16966.) (For brevity, only the first page of some of the
foregoing exhibits have been attached.)

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1  of the restraining order, again claiming that plaintiff only engaged in protected

2  speech.

3

4  ## III.    LEGAL STANDARDS

5  ### A.    MOTION TO DISMISS STANDARDS

6       A motion to dismiss may be filed at any time before the answer or other

7  responsive pleading is required to be filed. *AETNA Life Insurance Co. v. Allah Medical*

8  *Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1998). The *Rooker-Feldman* doctrine

9  determines subject matter jurisdiction, and it is an appropriate grounds for a motion to

10 dismiss under Rule 12(b)(1). *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

11 The *Rooker-Feldman* doctrine applies to §1983 actions. *Worldwide Church of God v.*

12 *McNair,* 805 F.2d 888, 893 (9th Cir. 1986).

13      Generally, allegations in a complaint are presumed true under Rule 12(b)(6).

14 However, a reviewing court need not accept as true conclusory allegations or legal

15 characterizations. *SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982). Matters

16 properly presented to the court, such as those attached to the complaint and incorporated

17 within its allegations may be considered as part of the motion to dismiss. *Hal Roach*

18 *Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555, N.19 (9th Circuit, 1989).

19 The court may also disregard allegations in the complaint if controverted by exhibits

20 attached to the complaint, matters subject to judicial notice, or documents necessarily

21 relied on by the complaint and whose authenticity no party questions. *Swartz v. KPMG*,

22 476 F.3d 756, 762 (9th Cir. 2007); *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th

23 Cir. 2001).

24      A dismissal under F.R.C.P. Rule 12(b)(6) should be granted when the facts

25 alleged, if true, would not entitle a plaintiff to any form of legal remedy. Thus, a Rule

26 12(b)(6) dismissal is proper where there is either "lack of cognizable legal theory" or "the

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

7

NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT

1    absence of sufficient facts alleged under a cognizable legal theory." *Baluster v. Pacifica*

2    *Police Department*, 901 F.2d 696, 699 (9th Cir. 1990); see also, *Conley v. Gibson*, 355

3    U.S. 421, 445-46 (1957); *De La Cruz v. Toomey,* 582 F.2d 45, 48 (9th Cir. 1978).

4         Federal Rule of Civil Procedure, Rule 12(b)(6) provides that a defendant may

5    respond to a complaint by moving to dismiss the complaint for "failure to state a claim

6    upon which relief can be granted…." For purposes of Rule 12(b)(6), the term "claim" is

7    defined as "a set of facts which, if established, give rise to one or more enforceable legal

8    rights." *Schwarzer, et al.*, Federal Civil Procedure Before Trial, §9:189 (1994), citing

9    *Goldstein v. North Jersey Trust Co.*, 39 F.R.D. 363, 366 (S.D.N.Y. 1966), In re Baker, 66

10   BR 652, 653 (D. Nev. 1986).

11        A dismissal under Rule 12(b)(6) should be granted when the facts alleged would

12   not entitle a plaintiff to any form of legal remedy. Thus, a Rule 12(b)(6) dismissal is

13   proper where there is either "lack of cognizable legal theory" or "the absence of sufficient

14   facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901

15   F.2d 696, 699 (9th Cir. 1990); see also, *Conley v. Gibson*, 355 U.S. 421, 445-46 (1957);

16   *De La Cruz v. Toomey,* 582 F.2d 45, 48 (9th Cir. 1978).

17        Federal Rule of Civil Procedure, Rule 8, provides, in pertinent part that: "A

18   pleading which sets forth a claim for relief…shall contain 1) a short and plain statement

19   of the grounds upon which the court's jurisdiction depends, unless the court already has

20   jurisdiction and the claim needs no new grounds of jurisdiction to support it; 2) a short

21   and plain statement of the claim showing that the pleader is entitled to relief; and, 3) a

22   demand for judgment for the relief the pleader seeks…."

23        Federal Rules of Civil Procedure, Rule 12(e) and Rule 12(f) provide for motions

24   to strike and/or a more definite statement when a complaint does not comply with Rule 8.

25   When a complaint is so vague, argumentative, ambiguous, or comprises matter so

26

8

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1 immaterial to the pleading, it should be stricken and plaintiff should be required to give a

2 more definite statement supporting his claim.

3

4 **IV. ANALYSIS**

5

6     **A.    PLAINTIFF'S COMPLAINT IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE**

7     Plaintiff's sole claim against defendants arises from the restraining order issued by

8 Judge Follett on July 21, 2006. (Complaint, ¶4 ("Plaintiff sues now over a restraining

9 order that was taken against himself (exhibit A in the declaration of John Gimbel filed

10 simultaneously with this complaint) via CCP 527.6 for pure speech on a telephone, to an

11 answering machine.").)

12     The *"Rooker-Feldman"* doctrine " precludes federal adjudication of a claim that

13 amounts to nothing more than an impermissible collateral attack on prior state court

14 decisions." *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160,

15 1165 (9th Cir. 2006), citing *Branson v. Nott,* 62 F.3d 287, 291 (9th Cir.1995).  The

16 doctrine also precludes constitutional claims that are "inextricably intertwined" with the

17 state court's decision. *Ignacio*, 453 F.3d at 1165, citing *Noel v. Hall,* 341 F.3d 1148,

18 1157 (9th Cir.2003).

19     Stated another way: "The *Rooker-Feldman* is a powerful doctrine that prevents

20 federal courts from second-guessing state court decisions by barring the lower federal

21 courts from hearing de facto appeals from state-court judgments: If claims raised in the

22 federal court action are "inextricably intertwined" with the state court's decision such that

23 the adjudication of the federal claims would undercut the state ruling or require the

24 district court to interpret the application of state laws or procedural rules, then the federal

25 complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v.*

26 *Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT

1   Because the *Rooker-Feldman* doctrine determines subject matter jurisdiction, it is

2   an appropriate grounds for a motion to dismiss under Rule 12(b)(1). *Bianchi*, 334 F.3d at

3   895. The doctrine applies to §1983 actions. *Worldwide Church of God v. McNair*, 805

4   F.2d 888, 893 (9th Cir. 1986).

5   As noted above, the only paragraph in plaintiff's complaint that remotely

6   states a claim for relief directly challenges the propriety of the restraining order,

7   claiming that plaintiff only engaged in protected speech. That the complaint is

8   nothing more than a de facto attack on the restraining order issued by the

9   Superior Court is further illustrated by the fact that Judge Follett is a named

10   defendant. Furthermore, there can be no question that plaintiff's repeated

11   assertions of his right to free speech under the First Amendment is "inextricably

12   intertwined with the state court's decision such that the adjudication of the

13   federal claims [and] would undercut the state ruling or require the district court

14   to interpret the application of state laws or procedural rules." *Bianchi*, 334 F.3d

15   at 898.

16   The decision in *Rosenfeld v. Egy*, 346 F.3d 11 (3rd Cir. 2003) is directly on point.

17   In that case, the plaintiff asserted that his civil and constitutional rights were violated as

18   the result of the issuance of a restraining order by a state court. The court dismissed this

19   claim under the *Rooker-Feldman* doctrine, explaining:

20   "Rosenfeld's alleged constitutional injury-the
    restraining order that 'seized his liberty'-could only exist to
21   the extent that the probate court wrongly decided to
    issue…the restraining order. In other words, Rosenfeld's
22   liberty never would have been 'seized'-and his dubious
    constitutional claim never raised-had the probate court
23   determined that a restraining order was not warranted.
    Rosenfeld's claim against Egy is, then, essentially a challenge
24   to the reliability of the evidence supporting the continuance of
    the restraining order-an issue that is'"inextricably
25   intertwined' with the claims adjudicated in state court. The
26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

10

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1

2

> *Rooker-Feldman* doctrine prevents us from addressing it."
> *Rosenfeld,* 346 F.3d at 18 –19.

3

4

5

6

7

8

(*See also*, *Ignacio*, 453 F.3d at 1166 ("[B]ecause the complaint is nothing more than another attack on the California superior court's determination in Ignacio's domestic case . . . the district court properly dismissed the case."); *Zhu v. Federal Housing Finance Bd.* 389 F.Supp.2d 1253, 1273 (D.Kan.,2005) (concluding that *Rooker-Feldman* deprived the court of subject matter jurisdiction over "claims that plaintiff sustained injuries on account of the state court restraining order").

9

10

11

12

13

14

15

16

Just as in *Rosenfeld*, all of the claims asserted by plaintiff "could only exist to the extent that the [Superior] court wrongly decided to issue… the restraining order." Plaintiff's complaint, for all intents and purposes, is nothing more that a de facto attack on the propriety the restraining order issued by the Del Norte County Superior Court, and is "inextricably intertwined" with that order.  Accordingly, the complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

17

### B.    PLAINTIFF'S COMPLAINT IS BARRED BY THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL

18

19

20

21

22

23

24

25

26

As noted above, Plaintiff's sole claim against defendants arises from the restraining order issued by Judge Follett.   In his appeal, arising from the issuance of this restraining order, plaintiff had a full and fair opportunity to argue that his phone calls to Mr. Villarreal constituted speech protected by the First Amendment of the United States Constitution.  The Court of Appeal of the State of California rejected this argument, when it issued its opinion on May 15, 2007.  Plaintiff did not pursue the matter further by petitioning to Supreme Court of California, and the propriety of the restraining order was then final.

1         In the present case, plaintiff attempts to re-litigate a matter previously decided by

2    the courts of the State of California.  Judge Follett found by clear and convincing

3    evidence that plaintiff engaged in a course of conduct that constituted harassment as

4    defined by §527.6 of the California Code of Civil Procedure.  (Dec. of J.G., Ex. F, pg. 38,

5    lns. 1-9.)  At the July 21, 2006 hearing, plaintiff attempted to argue his First Amendment

6    rights, claiming his speech was "a chew out" and citing "Falwell vs. Hustler -- you know

7    -- Supreme Court." (*Id.* at 36, lns. 14-15.)

8         For the above reasons, plaintiff fully and fairly raised his First Amendment free

9    speech claims in state court, and it is respectfully submitted that this claim and the

10    complaint is precluded pursuant to 28 U.S.C. §1738.

11    **The Doctrines Of Res Judicata And Colateral Estoppel Are Generally Applicable To Claims Asserted Pursuant To 42 U.S.C. §1983**

12         Federal courts are required to accord collateral estoppel and res judicata effect to

13    state judicial proceedings. *Allen v. McCurry,* 449 U.S. 90 (1980); *Migra v. Warren City*

14    *School District,* 465 U.S. 75 (1984).  Both doctrines apply to claims brought under 42

15    U.S.C. §1983.  *Allen,* 449 U.S. at 96-97; *Hawkins v. Risley,* 984 F.2d 321, 323 (9th

16    Cir.1993).

17         Although res judicata and collateral estoppel are affirmative defenses, they may be

18    raised in a motion to dismiss pursuant to Rule 12(b)(6). *Scott v. Kuhlmann,* 746 F.2d

19    1377, 1378 (9th Cir.1984); *Connelly Found. v. Sch. Dist. of Haverford Twp.,* 461 F.2d

20    495, 496 (3d Cir.1972).

21         Under the "Full-Faith and Credit Statute", 28 U.S.C. §1738, a state court

22    proceedings "shall have the same full faith and credit in every court within the United

23    States ... as they have by law or usage in the courts of such State ... from which they are

24    taken."  Similarly, the res judicata and collateral estoppel effect of a state court judgment

25    is determined by application of state law.  *See, Heck v. Humphrey,* 512 U.S. 477 (1994);

26    *In re Nourbakhsh,* 67 F.3d 798 (9th Cir.1995), regardless of whether the state court

12

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1    determined a state or federal issue.[5] *Sider v. Valley Line,* 857 F.2d 1043, 1046 (5th

2    Cir.1988); *Nanavati v. Burdette Tomlin Memorial Hospital,* 857 F.2d 96, 111 (3rd

3    Cir.1988).

4        In order to bar a later suit under the doctrine of res judicata, an adjudication must

5    (1) involve the same "claim" as the later suit, (2) have reached a final judgment on the

6    merits, and (3) involve the same parties or their privies. *Blonder-Tongue Laboratories v.*

7    *Univ. of Ill. Found.,* 402 U.S. 313, 323-24 (1971); *Nordhorn v. Ladish Co., Inc.,* 9 F.3d

8    1402, 1404 (9th Cir. 1993).  More specifically, in California, this doctrine has been simply

9    expressed to provide that "[a] final judgment on the merits in favor of a defendant serves

10   as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood,*

11   15 Cal.3d 791 (1975), cited in *Castro v. Higaki,* 31 Cal.App.4th 350, 357 (1994).

12       Under the sister doctrine of collateral estoppel, issues "necessarily and finally

13   adjudicated" bar relitigation in this Court.  *Guild Wineries v. Whitehall Co.,* 853 F.2d

14   755 (9th Cir.1988); *Texas Employers' Insurance Association v. Jackson,* 862 F.2d 491,

15   500 (5th Cir.1988).  In California, "[a] party is collaterally estopped from relitigating an

16   issue previously adjudicated if: (1) the issue necessarily decided in the previous suit is

17   identical to the issue sought to be relitigated; (2) there was a final judgment on the merits

18   of the previous suit; and (3) the party against whom the estoppel is asserted was a party,

19   or in privity with a party, to the previous suit." *In re Joshua J.,* 39 Cal.App.4th 984, 993

20   (1995).  The requirement that an issue be "actually litigated" merely demands that the

21   issue be "properly raised, by the pleadings or otherwise, and is submitted for

22   determination, and is determined." *Barker v. Hull,* 191 Cal.App.3d 221 (1987).  The

23   reviewing court may look to the opinion of the prior judge in order to determine the scope

24   of the previous judgment. *Carroll v. Puritan Leasing Co.,* 77 Cal.App.3d 481, 491

25   (1978).

26   ———————————

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

[5] *See, Merry v. Coast Community College Dist.,* 97 Cal.App.3d 214, 229 (1979).

13

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1    Res judicata applies here because (1) the trial court proceeding and the court of

2  appeal decision both involve the same claim raised in this court, i.e., whether plaintiff's

3  repeated phone calls to defendant Villarreal constituted unlawful harassment or protected

4  speech, (2) a final judgment on the merits became final when plaintiff declined to

5  petition the California Supreme Court for review of the appellate court decision

6  affirming the restraining order, and (3) the state court proceedings involved the same

7  parties or their privies.[6]

8    Similarly, collateral estoppel applies here because (1) the issue necessarily decided

9  in the state court proceedings is the same as the issue sought to be relitigated in this

10  court, i.e., whether plaintiff's repeated phone calls to defendant Villarreal constituted

11  unlawful harassment or protected speech, (2) there was a final judgment on the merits in

12  the state court, and (3) the party against whom the estoppel is asserted was a party, or in

13  privity with a party, to the state court proceedings."[7]

14    Accordingly, plaintiff's complaint is barred by both res judicata and collateral

15  estoppel.

16  **B.    PLAINTIFF FAILS TO STATE A §1983 CLAIM AGAINST
           DEFENDANT FRANK VILLARREAL**

17

18    An essential element to any §1983 claim against an individual requires an

    allegation that individual was "acting under color of state law" at a time it is alleged that

19

    individual violated another's federally protected rights.[8]  (42 U.S.C. §1983.)  No where in

20

21    _____

22  [6] Although several defendants are named in the caption of the complaint, the only
    defendant referred to in the body of the complaint is Mr. Villarreal.

23  [7] See supra, fn. 6.

24  [8] Plaintiff does not and cannot argue that Mr. Villarreal, acting in his capacity as a Deputy
    Sheriff for the County of Del Norte, lacked probable cause to make the traffic stop.

25  Plaintiff has admitted that his brake lights were inoperable, he was found guilty of having
    inoperable brake lights on March 26, 2007, and he was fined $113.00 for infraction.

26  (Dec. of J.G., Ex. B p. 10, lns. 12-16[8], Ex. F p. 32, lns. 18-19, Ex. P.)  The fact that plaintiff
    later provided proof of insurance sufficient to comply with the California State Financial

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

14

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1  the complaint has plaintiff alleged that Frank Villarreal acted under color of law. While

2  it is acknowledged that the traffic stop and citation for inoperative brake lights was

3  proper, the gist of plaintiff's complaint arises from the action of Frank Villarreal as a

4  private citizen to stop plaintiff from the ongoing harassment. Officer Villarreal filed a

5  private civil action against plaintiff when he requested the restraining order. (Dec. of

6  J.G., Ex. A, *See also*, Ex. F, Transcripts of the O.S.C. Re: Harassment Hearings.) This

7  filing was done as a private citizen and not under color of law. In *West v. Atkins*, 487

8  U.S. 42, 108 S.C.T. 2250, 2256 (1988), the Supreme Court stated "Generally, a public

9  employee acts under color of law when acting in his official capacity of while exercising

10  his responsibilities pursuant to state law." Here, Mr. Villarreal was not acting in his

11  official capacity as a deputy sheriff for the County of Del Norte, rather he acted as a

12  private citizen to prevent any further harassment at home, work or throughout the

13  community.

14

15  **D.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS IT**

16      **FAILS TO ALLEGE ANY COGNIZABLE CLAIM FOR RELIEF**

17  **1.    DEFENDANT VILLAREAL**

18      Rule 8 of the Federal Rules of Civil Procedure requires that "a claim for relief

19  shall contain 1) a short and plain statement of the grounds upon which the court's

20  jurisdiction depends…; 2) a short and plain statement of the claim showing that the

21  pleader is entitled to relief; and 3) a demand for judgment for the relief the pleader

22  seeks…."

23      Plaintiff's complaint fails to identify any claim for relief with regard to Officer

24  Villarreal, except with regard to matters alleged in paragraph 4 of the Complaint.

25

26  Responsibility Laws does not negate the propriety of the initial stop and brief detention

prior to the issuance of the citation.                    15

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

  
(Complaint, ¶ 4.)  As is discussed above, the issue has already been decided in state court, and the pleading fails to identify any action undertaken by Mr. Villarreal "under color of law" that constituted a violation of rights protected by 42 U.S.C. §1983.

## 2. PLAINTIFF FAILS TO ALLEGE ANY CAUSE OF ACTION AGAINST THE "DEL NORTE DISTRICT ATTORNEY."

Plaintiff's complaint fails to identify by name the "Del Norte District Attorney." It is acknowledged that plaintiff served the complaint on District Attorney Michael Riese, who is a party to this motion to dismiss.  There is no understandable pleading that identifies any action by Michael Riese that could be characterized as a claim upon which plaintiff could obtain relief against District Attorney Michael Riese.  Exhibit H to the Declaration of John Gimbel is a letter from District Attorney Michael Riese to plaintiff, dated August 10, 2006.  This informs him of the filing of a complaint for violation of Penal Code §§653m(a) and 166(a)(1)(4).

Any and all §1983 claims against District Attorney Michael Riese arising from the commencement and handling of a criminal action are barred as a matter of law by absolute prosecutorial immunity.  *Imbler v. Pittman,* 424 U.S. 409 (1976) is the leading case on the scope of prosecutorial immunity.  In *Imbler,* the complaint alleged that a prosecutor had knowingly induced perjured testimony.  The Supreme Court held that the prosecutor was absolutely immune from a §1983 suit for damages arising from quasi-judicial activity. (*Id.* at 430-31.)  In so holding, the court concluded that the public trust of the prosecutor's office would suffer if the prosecutor, in making his or her decisions, were constrained by the threat of potential liability in his suit for damages. (*Id.* at 424-25.)

Absolute prosecutorial immunity exists if the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity.  *Id.* at 430-31; *Beard v. Udall,* 648 F.2d 1264, 1271 (9th Cir.1981) (per curium).  The focus of the analysis, particularly under the second prong, is on the nature or function of the prosecutor's activity.  *See*

16

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1   *Imbler,* 424 U.S. at 430-31. If the prosecutor acts as an advocate "in initiating a

2   prosecution and in presenting the state's case," absolute immunity is warranted. *Imbler,*

3   424 U.S. at 430-31; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675,

4   678 (9th Cir. 1984).

5       A prosecutor's functions that are protected by absolute immunity include initiating

6   a prosecution and presenting the State's case, appearing at a probable cause hearing to

7   support an application for a search warrant, and preparing and filing an arrest warrant.

8   *KRL v. Moore*, 384 F.3d 1105, 1110-11 (9th Cir. 2004) [citations omitted].

9       Plaintiff has provided no allegations to indicate that District Attorney Michael

10  Riese acted in a fashion outside the scope of his absolute immunity. Therefore, defendant

11  District Attorney Michael Riese should be dismissed.

12      **3.    THE COMPLAINT FAILS TO STATE A §1983 CLAIM AGAINST
            THE COUNTY OF DEL NORTE, ALSO ERRONEOUSLY SUED AS
13          DEL NORTE COUNTY SHERIFF'S DEPARTMENT**

14      Based upon *City of Canton v. Harris,* 489 U.S. 378 (1989), the Ninth Circuit has

15  stated four conditions that must be satisfied in order to establish municipal liability for

16  failing to act to preserve constitutional rights: "1) that [the plaintiff] possessed a

17  constitutional right of which he was deprived; 2) that the municipality had a policy; 3)

18  that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right;

19  and 4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v.

20  Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *Canton,* 489 U.S. at 389-91).

21      A single incident does not establish a municipal "policy" under §1983. *City of

22  Oklahoma, supra,* 471 U.S. at 823-824 ("Proof of a single incident of unconstitutional

23  activity is not sufficient to impose liability under *Monell. . .*").

24      First, as discussed above, the complaint fails to state an underlying constitutional

25  violation against the individual defendants. Accordingly, no §1983 claim is stated

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

17

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1   against the County of Del Norte.  Second, no facts are alleged that the County had a

2   custom or policy of arresting or prosecuting criminal defendants without probable cause.

3   Accordingly, the complaint fails to state a §1983 claim against the County of Del Norte.

4       **E.    PLAINTIFF'S ENTIRE COMPLAINT SHOULD ALSO BE
              STRICKEN AS ARGUMENTATIVE, VAGUE, AMBIGUOUS AND**

5       **UNINTELLIGIBLE.**

6       Federal Rules of Civil Procedure, Rule 12(e) and Rule 12(f) provide for motions

7   to strike and/or a more definite statement when a complaint does not comply with Rule 8.

8   When a complaint is so vague, argumentative, ambiguous, or comprises matter so

9   immaterial to the pleading, it should be stricken and plaintiff should be required to give a

10  more definite statement supporting his claim.

11      Plaintiff's 85 page complaint clearly fails to comply with the requirements of Rule

12  8 of the Federal Rules of Civil Procedure.  It is far from a "model of clarity," as well as

13  far a field from a "short and plain statement of grounds for relief."

14      In *Martin v. Hunt*, 28 F.R.D. 35 (1961), the court considered a motion to strike the

15  entire complaint.  Because the allegations were argumentative, redundant and verbose,

16  the motion to strike pursuant to Rule 12(f) was granted.  (*Id.* at 36.)  The court

17  acknowledged its reluctance to strike the entire complaint; however, it held that when a

18  complaint is so severely in conflict with the Rules of Civil Procedure, striking the

19  complaint is proper and plaintiff should be compelled to comply with Rule 8 of the

20  Federal Rules of Civil Procedure.  (*Id.*, see also, *Global View Ltd. Venture Capital v.*

21  *Great Central Basin Exploration,* 288 F.Sup.2d 473, 481 (2003), holding statements

22  calling defendants unscrupulous con artists can be stricken.)

23      Plaintiff's entire complaint is full of irrelevant and objectionable material.  The

24  objectionable material permeates the complaint, and it is submitted that the court can also

25  issue an order requiring a more definite statement of the basis of liability in compliance

26  with Rule 8, Rule 12(e) and/or Rule 12(f) of the Federal Rules of Civil Procedure.

18

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

1  | **V.    <u>CONCLUSION</u>**

2  |     For all of the reasons stated above, defendants respectfully submit that they are

3  | entitled an order dismissing plaintiff's complaint.

4  |

5  | DATED:  February 5, 2008               MITCHELL, BRISSO, DELANEY & VRIEZE

6  |                                          By:

7  |                                          John M. Vrieze

8  |                                        William F. Mitchell

                                       Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

**NOTICE AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STRIKE AND/OR MOTION FOR A MORE DEFINITE STATEMENT**

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the County of Humboldt, over the age of eighteen years and not a party to or interested in the within entitled cause, my business address is 814 Seventh Street, Eureka, California.

On this date, I served the following documents:

**NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

<u>xx</u>     By placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid for collection and mailing on this date and at the place shown, to the party(ies) and at the address(es) set forth below. I am readily familiar with this business' practice for collecting and processing documents for mailing. On the same day that documents are placed for collection and mailing, they are deposited in the ordinary course of business with the United States Postal Service at Eureka, California.

_____     By personally delivering a true copy thereof to the party(ies) and at the address(es) as set forth below.

_____     By personally faxing a true copy thereof to the party(ies) and at the facsimile number(s) as set forth below.

I declare under penalty of perjury that the foregoing is true and correct. Executed February 5, 2008, at Eureka, California.

Micalyn Harris

John Gimbel
225 Brevus Street
Crescent City, CA 95531
*Plaintiff in Pro Per*