# EXHIBITS C – G

# TO BE ATTACHED TO
# DECLARATION OF
# JOHN M. VRIEZE
# E-FILED FEBRUARY 5, 2008.

# EXHIBIT C

A115201
(CVHS 06-1221)

COURT OF APPEAL OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION 5

JOHN GIMBEL              )     CASE NO.:  A115201; APPELLANT'S
     Appellant/defendant   )     PETITION FOR REHEARING
                       )     (SUPERIOR CT.  NO. CVHS 06-1221)
                       )
       v                   )
                       )
FRANK VILLAREAL     )
     Respondent/plaintiff   )
                       )

----------------------------------------------

APPEAL FROM THE SUPERIOR COURT OF
THE COUNTY OF DEL NORTE

Judge William Follet

**APPELLANT'S PETITION FOR REHEARING**

John Gimbel in pro se
225 Brevus St.
Crescent City CA
95531
707.464.5908
*in pro se as appellant, for appellant*

John Gimbel
225 Brevus St.
Crescent City CA
95531
707.464.5908
in pro se
Appellant

## COURT OF APPEAL OF CALIFORNIA
### FIRST APPELLATE DISTRICT

**FRANK VILLAREAL**
 **Respondent (Plaintiff)**

v

**JOHN GIMBEL**
 **Appellant (Defendant)**

**CASE NO.: A115201; (CVHS 06-1221)**
**PETITION FOR REHEARING**

TABLE OF CONTENTS
Error 1 by the appeal court....pg 1
Error 2 by the appeal court....pg 2
Error 3 by the appeal court....pg 3
Error 4 by the appeal court....pg 3
Error 5 by the appeal court....pg 6

(My Microsoft 2000 doesn't have a 13 font available; it goes from 12 to 14, not 13; I thought I would use the 14 just for a change.)

So whatdya want? You want I should point out nicely how fucking stupid this court is? Sure, I'll do my best.

Below ensue 5 GARGANTUAN errors by this court of appeal, which this court must correct.

This court is minimally in serious error, appropriately "stupider'n a fuck," and going to get in trouble with me about it for fuckin' wasting my time like vain shitmerican goon-badge-stink.

ERROR 1 OF THIS COURT...of this stupid, shitmouth court: How dare this court! This court's brief filed 4/27/2007 says on pg. 1, last 3 lines "...25 messages {and}...90 minutes." How dare this goddamned-to-hell court get this fucking stupid with me after all my work I did!

To wit: In appellant's trailing brief was included exh. C. Exh. C shows the official, exact phone log of the speech Gimbel produced to Villareal. To effect that speech, the calls, as is shown there, were

exactly 15 CALLBACKS, "MESSAGES," NOT 25 AS THIS STUPID FUCKING COURT SAID OR PRETENDS IT KNOWS HOW TO EVEN READ...thank you.

Error 1, summary:

# 15 NOT 25 SHITMOUTHS!!

All in all, 15 divided by 25 equates to about 1/2 of "repeat," **shows a speech**, piece of one's mind...this also strikes down the court's uninformed, shitmouth statement on its pg. 4, 3 lines from bottom, saying, "evidence shows...'repeatedly'...." Nope, they don't come more full of shit than the so called shitmerican "professional" shitsucker judge and court. Dumb fuckin' judges who don't, can't, and "don't think reading is part of their job." Seeing is believing here today folks--the cur-li-fornicatia-mouth of appeals, 1st dumb-strict ("district") has just beat the Guinness for "pro"-stupido. No contempt intended, fuckmouths...you understand this now well. Myself a citizen, your equal by "created equal," ("We hold these truths to be self evident...."), by birth and the u.s. kunstitution, it turns out I don't have to read your fucking scum laws or rules, either, if _you_ don't read, right? We are now "created equal" and the shitmouth court of scam-ppeals started it too ostensibly. Bleah. (sticks out tongue)

ERROR 2 OF THIS COURT. To wit, further: Damn court of appeals apparently overlooked, too--no mention in it's brief-- discussion of appellant's extreme and timely diligence in trying to obtain this sheriff's log of calls. That is outlined specifically in the 1st paragraph of pg. 17 in appellant's trailing brief on appeal.

Had this shitmouth court read anything, or correctly, they would and should have concluded that defendant's diligence and devotion to obtain the log was in the *very extreme* for the sake of justice, but that he kept running into a wall of deniers...and consequently this court should have uttered, at the least, **that it would be literally criminal not to take a peek at the official log of the calls as it was FINALLY become available.** Like good and new evidence, shitmouths. This stupid fucking court makes no mention it looked at it in its brief just now; we know therefore they didn't. Do you know how fucking stupid you court look? Appellant's AOB was stamped Jan. 5, 2007. Appellant notes to you on pg. 17, 3 lines from the bottom, that

the official log had just become available ONLY 2 WEEKS BEFORE THIS JAN. 5, 2007 DATE.

Now, what the fuck...you wanna keep wasting my time because you're a bunch of dumb fuckin' queers that don't read? You just wait for the civil get-back if you keep this shit up. Shit like you doesn't have immunity, qualified or otherwise. It's because you're criminally negligent, where not criminally minded, just the same as many of those operators of self-aggrandizement and malfeasance under color of law. My time has been hijacked by shitmerican goons now for over 3 years, including you shitmouth courts, nearing half a decade. Ohhhh, goody. There's nothing more reviling that a life reordered to the most reviling enslavement, and to the least desirable tasks therein. You belong in hell about it. Die, you faggots, if you don't like the way I put that. Yeah, you're fuckin' faggot brains that don't read....

Error 2, summary:

## ...That it would be literally criminal not to take a peek at the official log of the calls as it was FINALLY become available.

(The subpoenas to obtain the phone log will be shown as the latter part of this brief.)

### ERROR 3 AND 4 OF THIS RETARDED, SHITMOUTH COURT WASTING MY TIME:

The 2nd part of the previous quote from court's brief, (pg. 1, last 3 lines), saying, "{25 messages and}...*90 minutes*": Man, you ARE the fucking stupidest piles of judge-manure-for-brains this side of Western civilization, and going back several millenniums, too. This "90 minutes" is so far off you are the fucking devil himself harassing the innocent, you shitmouth court. This "90 minutes" is serious error no. 3 of this shitmouth court. The exact computation is **34.882** minutes of Gimbel's total speaking on the machine--literally almost 1/3 of the Satan-ordered, shitmouth lie of "90 minutes" this fuckmouth court has assembled it's obscenely unintelligent "affirmation" from.

Before Gimbel even got the phone log, he generously and deliberately OVER-estimated his speaking at "around 40 minutes," and stated it in earlier briefs, because he didn't want to be known as a liar, or unfair as you and these goons and badges are, and under color

of law (including your faggot judges' gowns--same color). So Gimbel was conservatively and deliberately favoring a bit to plaintiff on his estimate until he had the exact log.

Well, you've believed all these errors, shitmouths, and you've blathered your shitmouth opinion having assembled them off of a "compounding" **series** of errors no less. Gimbel recently handed you the exact and official phone log, exh. C in his trailing brief, and it was clearly incumbent upon this court to do just the tiniest homework for corroboration's sake, and the details of the case; also, it was incumbent upon this court to call for the exact transcript (**MISTAKE NO. 4**) of the speech, as proffered, to further evaluate for corroboration's sake.

WHAT YOU WOULD HAVE BEEN ABLE TO SHOW YOURSELVES IN THE CASE WAS THAT GIMBEL SPOKE EXACTLY ONLY 34.882 MINUTES TO VILLAREAL'S ANSWERING MACHINE. Computation as follows:

Add the minutes on the phone log shitmouths. I spent tortured years writing to you shitmouth courts; it shouldn't take you more than a minute to add them.

Got 47.33 minutes there, shitmouth CA court of ape-cretin-eels?

Thaaaat's right; easy does it, stupids. That's the TOTAL length of ALL calls to Villareal...as the sheriff's station picked it up. A good part of this is a very long answering machine greeting each time, too. The sheriff, via the district attorney, has even given us the audio TAPE of the exact calls (which I proffered to lodge to this appeal on pg. 26 of my trailing brief).

As I've said in my appeal briefs, a transcript was made from those tapes, AND I DISTINCTLY ASKED THIS COURT TO ACCEPT THE TRANSCRIPTS; IN FACT, 2 VERSIONS: 1 VERSION WOULD HAVE THE ENTIRE TAPE WITH ANSWERING MACHINE GREETING, THE OTHER WITHOUT THESE GREETINGS IN EVERY CALLBACK.

HAD THIS SHITMOUTH COURT ACCEPTED THESE 2 TRANSCRIPTS WITH WORD COUNTS INCLUDED, THEY WOULD HAVE SEEN THAT THE 47.33 MINUTES WAS THE EXACT SUM OF GIMBEL'S SPEECH <u>WHICH INCLUDED</u> THE ANSWERING MACHINE GREETING. IN OTHER WORDS, GIMBEL SPOKE FAR LESS THAN 47.33 MINUTES, THE REST

OF IT WAS A DECIDEDLY LONG ANSWERING MACHINE GREETING,
AND THIS SHITMOUTH COURT COULD HAVE EASILY COMPUTED **HOW** MUCH LESS, INSTEAD OF BLATHERING THEIR TURDSUCKING TONGUES UP A DOG'S ASS, LYING THAT IT WAS "90 MINUTES."

Computation as follows:

From the transcript of the full 47.33 minutes WITH ANSWERING MACHINE GREETINGS AT EVERY CALLBACK, you would have been presented with a word count of around 9,399 words--in the transcript with the answering machine.

In the transcript--also proffered this shitmouth court--of the speech, BUT WITH EXACTLY ONLY THE ANSWERING MACHINE GREETINGS IN THE CALLBACKS REMOVED, this dog's ass licker court would have been presented with the word count of around 6,928 words, these words then being exactly Gimbel's speech in the tape.

THEREFORE, to compute the TIME Gimbel spent actually talking AT ALL to Villareal's answering machine, you divide 6, 928 by 9, 399 (which equals .737) and then you multiply .737 times the minutes of the whole recording on the answering machine, you get the TIME Gimbel actually spent talking--saying anything--saying only what he said. That time is .737 times 47.33 which comes to 34.882 minutes. Just over a half hour piece of one's mind...and you know shitmouths, I "briefed" a chew out to Villareal by following "good rules" (grins like a motherfucker!) in that this time was spent in good measure briefing him on the internet case and the whyfor's and wherefor's of my chew out to him. "Briefing rules" require one to provide an introduction of sorts to "a new court" before you "light into the bastard" with your "prevailing arguments." I'm still prevailing, shitmouths; and, I'm going to in this matter, you wait.

So then (SIG HEIL! TO CALIFORNIA!)

Error 3, summary:

## THIS SHITMOUTH COURT HAS RETARDEDLY STATED AS-IF TO BELIEVE, IN ITS BRIEF, THAT GIMBEL SPOKE "90 MINUTES." THE SHITSUCKER-M-FCKERS ARE NOW CORRECTED

## SEVERELY IN THAT IT WAS 34.882 MINUTES, RATHER, WHICH GIMBEL SPOKE

This shitmouth court has cultivated, wallowed and reveled in its love for chaos and disorder, lies and mistruths, culminating in the summa-revile of a man's life enslaved-and-wasted, smelling these assholes of so called authority.

Error 4, summary:

**That 2 diligently transcribed transcripts were made of the exact and official subject speech in the case and proffered to this court. Easy computations could have ensued therefrom for the sake of the truth, the sake of justice. With same, this donkey's butt-fag court would not have blathered the incorrectnesses it did. In all the cases noted, above, we wonder if we can arrest this shitmouth court for malfeasance now, or let them have sniveled "hyperbole" and lies instead of truth.**

ERROR 5 OF THIS FAGGOT-FACE COURT. On pg. 2, 3rd paragraph, 1st line, this faggot court has prevaricated baldly saying exactly, "At the hearing, respondent testified that he felt threatened...." The court naturally didn't tell us where in the numbered transcript this existed--because it doesn't exist. I've got electronic search-find, and using the root word "threat," it doesn't exist AT ALL. Damn you motherfuckin' shitmericans! Go re-read the trial transcripts you dumb, mother fucking faggot-face judges where you will see ZERO instances of Villareal testifying "he felt threatened."

That is a goddamn lie, shitmerican court. There are no such lines in all the court transcripts where Villareal specifically says such as "I felt threatened," or "...there was a threat." Neither was there any affirmation by Villareal, plaintiff, (respondent in appeal), to any *question* using that exact word. Plaintiff at trial, Villareal, never says he was threatened. You've now compounded this bald lie to your goddamn lying "opinion." It is simply not there; go look, and then shut your fucking mouths for prevaricating so readily before so called courts of law. You better clean it up, shitmercan liar. The feds should stroll in and knuckle your heads for shitting around like this with Gimbel like goddamn Satan.

Error 5, summary:

## THIS SHITMOUTH CA COURT OF APPEAL A-HOLE COURT IS LYING LIKE A FAGGOT-FACE M-FUCKER WHEN THEY SAY "AT THE HEARING, RESPONDENT TESTIFIED HE FELT THREATENED."

You know dumbfucks, ca court of shtfartmouth appeals, I've got more errors by you waiting in the wings to show. This should help you get your spanking (well, ok...*ouster* any better?) off to a good start though.

Clean it up, scum. You're lying profusely.

For reference, all subpoenas that were created to obtain the cherishably sought phone logs of the subject speech are now included here as the subsequent pages of this brief. Gimbel, being smart-assed by the shitmerican-calif. courts *was forced to beg continuously before the shitmerican earless sly deniers with no less than 5 separate subpoenas for the exact same item, phone log, across fully ONE HALF YEAR* before the shitmouths pretending "goody authority" against him would move their little shit-faggot-dog's-butt-caked-pacifier mouths to help this man. Go kill yourselves about it is a nice, cozy, acceptable little comment. (The Verizon subpoena did not show local calls; log they returned is available but not included here; their cost: $2550.)

I declare my sovereignty against the state of curlifornicate, and you will be dragged, judges and all into courts to atone for your crimes against my time with your evinced perjuries, lies and material misrepresentations of exact evidence.

Dated: __May 9, 2007__         _(signature)_
                                JOHN GIMBEL,
                                Appellant, petitioner for rehearing,
                                in pro se

The word count of this brief via Microsoft Word 2000 is 2,211.

[i] Footnote from pg. 6: The root word "threat" (or "threatened") appears exactly 5 times in the trial transcripts for June 23 and July 21, 2006 (reporter's transcript on appeal): pg. 6, line 3; pg. 27, line 19; pg. 30, line 13; pg. 34, line 23; pg. 39, line 15. Two of these instances are Gimbel talking; one other instance is the judge. If you read in and about any of these instances you see that respondent in this appeal, VILLAREAL, HAS NEVER TESTIFIED THE SHIT THAT JUST CAME OUT OF THIS COURT'S MOUTH. HE HAS NEVER TESTIFIED HE FELT THREATENED. You better go rethink your shitmouth lies you are pretending to your opinion faggot face court of appeal.

SUBPOENAS

982(a)(15.1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| JOHN GIMBEL<br>225 Brevus Street<br>Crescent City, CA 95531-2103<br>IN PRO SE<br>TELEPHONE NO.: (707) 464-5908    FAX NO.: | |

ATTORNEY FOR *(Name)*:

| NAME OF COURT: | SUPERIOR COURT OF CALIFORNIA |
|---|---|
| STREET ADDRESS: | 450 H Street, Room 209 |
| MAILING ADDRESS: | SAME |
| CITY AND ZIP CODE: | CRESCENT CITY, CA 95531 |
| BRANCH NAME: | |

PLAINTIFF/ PETITIONER: JOHN GIMBEL

DEFENDANT/ RESPONDENT:

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents and Things at Trial or Hearing AND DECLARATION**

CASE NUMBER: **CVHS 06-1221**

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of witness, if known)*:

Verizon

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

   | a. Date: | Time: | ☐ Dept.: | ☐ Div.: | ☐ Room: |
   |---|---|---|---|---|
   | b. Address: | | | | |

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

3. **YOU ARE** *(item a or b must be checked)*:
   a. ☐ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1582 will not be deemed sufficient compliance with this subpoena.
   b. ☒ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:
   a. Name of subpoenaing party or attorney: John Gimbel    b. Telephone number: 707-464-5908
      IN PROPRIA PERSONA

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.

Date issued: June 9, 2006

▶ *John Gimbel* (SIGNATURE OF PERSON ISSUING SUBPOENA)

*John Gimbel*
(TYPE OR PRINT NAME)

In Pro Se
(TITLE)

(Declaration in support of subpoena on reverse)

Page one of three

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(15.1) [Rev. January 1, 2000]

**CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING AND DECLARATION**

Code of Civil Procedure, § 1985 et seq.

Legal Solutions Plus

PLAINTIFF/PETITIONER: JOHN GIMBEL

DEFENDANT/RESPONDENT:

CVHS OG-1221

The production of the documents or the other things sought by the subpoena on page one is supported by (check one):
[X] the attached affidavit or declaration    [ ] the following declaration:

#'s 3. and 4.    **DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING**
(Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the [ ] plaintiff  [ ] defendant  [X] petitioner  [ ] respondent
   [ ] attorney for (specify):                    [ ] other (specify):

   in the above-entitled action.

2. The witness has possession or control of the following documents or other things and shall produce them at the time and place specified in the *Civil Subpoena for Personal Appearance and Production of Documents and Things at Trial or Hearing* on page one of this form (specify the exact documents or other things to be produced):

   This subpoena asks that Verizon produce the following:    A Special Computer Search, "SCS," (possibly also, UMS),
   for the record of all LOCAL calls made from:

   707 464 5908    For the dates:

   May 16, 2006 to June 1, 2006," inclusive. The particulars sought are which numbers were called from the above number
   and the duration of the call. Other standardized data for local calls may be included.

3. Good cause exists for the production of the documents or other things described in paragraph 2 for the following reasons:

   The subpoenaed evidence will disprove an accusation.

   [ ] Continued on Attachment 3.

4. These documents or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

   The subpoenaed records will disprove an accusation.

   [ ] Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 9, 2006

John Gimbel
(TYPE OR PRINT NAME)

John Gibel    In Pro Se

[SIGNATURE OF  [X] SUBPOENAING PARTY  [ ] ATTORNEY FOR
                                          SUBPOENAING PARTY]

(Proof of service on page three)

982(a)(15.1) [Rev. January 1, 2000]    **CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING AND DECLARATION**    Page two of three

| PLAINTIFF/PETITIONER: JOHN GIMBEL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | CVHS 06-1221 |

## PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM)
### FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS
### AND THINGS AT TRIAL OR HEARING AND DECLARATION

1.  I served this *Civil Subpoena (Duces Tecum)* for Personal Appearance and Production of Documents and Things at Trial or Hearing and Declaration by personally delivering a copy to the person served as follows:

    a. Person served (name): Verizon Telephone Co.

    b. Address where served: Security Control Office P.O. Box 1001
       ALSO BY FAX     San Angelo, Texas 76902-1001   TX D01613

    c. Date of delivery: June 9, 2006

    d. Time of delivery: About 3 PM Pacific Time

    e. Witness fees (check one):
       (1) [X] were offered or demanded
              and paid. Amount ......  $ 2550.00
       (2) [ ] were not demanded or paid.

    f. Fee for service: ................. $ 2550.00

2.  I received this subpoena for service on (date): June 9, 2006

3.  Person serving:
    a. [X] Not a registered California process server.
    b. [ ] California sheriff or marshal.
    c. [ ] Registered California process server.
    d. [ ] Employee or independent contractor of a registered California process server.
    e. [ ] Exempt from registration under Business and Professions Code section 22350(b).
    f. [ ] Registered professional photocopier.
    g. [ ] Exempt from registration under Business and Professions Code section 22451.
    h. Name, address, telephone number, and, if applicable, county of registration and number:

       John Gimbel
       225 Brevus St.
       Crescent City, CA
         95531
       707-464-5908

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. | (For California sheriff or marshal use only) I certify that the foregoing is true and correct.
    
    Date: June 9, 2006 | Date:

    ▶ John Gimbel
    (SIGNATURE) | ▶ _____
    (SIGNATURE)

**PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING AND DECLARATION**

Page three of three

*This subpoena for notice that this subpoena was attempted in week prior to Jul. 21, 2006*



| | | | | (15.1) |
|---|---|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Humb. Co. LDA #01-002, Exp. 07/23/07
JOHN GIMBEL
225 Brevus Street
Crescent City, CA 95531
IN PRO SE
 TELEPHONE NO.: (707) 464-5908   FAX NO.:
ATTORNEY FOR *(Name):*

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 450 H STREET, ROOM 209
MAILING ADDRESS: 450 H STREET, ROOM 209
CITY AND ZIP CODE: 450 H STREET, ROOM 209
BRANCH NAME:

PLAINTIFF/ PETITIONER: FRANK VILARREAL

DEFENDANT/ RESPONDENT: JOHN GIMBEL

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance**
**and Production of Documents and Things at Trial or Hearing**
**AND DECLARATION**

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and tele...*
FRANK VILARREAL

1. YOU ARE ORDERED TO APPEAR AS A WITNESS in this action at the da...
UNLESS your appearance is excused as indicated in box 3b below or y...
Item 4 below.

 a. Date: July 21, 2006   Time: 9:15 AM   [x]   Dept...
 b. Address: 650 Fifth Street
 Crescent City, CA 95531

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN...
UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND...
BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PA...
EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUI...
RECORDS.

3. YOU ARE *(item a or b must be checked):*
 a. [x] Ordered to appear in person and to produce the records described in the declaration on page two or the attached
   declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the
   original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and
   1562 will not be deemed sufficient compliance with this subpoena.
 b. [ ] Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached
   declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections
   1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original
   declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or
   write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above.
   (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4)
   Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN
THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE
TO APPEAR:
 a. Name of subpoenaing party or attorney: JOHN GIMBEL, IN   b. Telephone number: (707) 464-5908
   PRO SE

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them
at the time of service. You may request them before your scheduled appearance from the person named in item 4.

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE**
**FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: July 14, 200      ▶      *(SIGNATURE OF PERSON ISSUING SUBPOENA)*
JOHN GIMBEL
 *(TYPE OR PRINT NAME)*         JOHN GIMBEL, IN PRO SE
                                   *(TITLE)*          Page one of three
                                           *(Declaration in support of subpoena on reverse)*

Form Adopted for Mandatory Use   CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE   Legal   Code of Civil Procedure,
Judicial Council of California       AND PRODUCTION OF DOCUMENTS AND THINGS      Solutions   § 1985 et seq.
982(a)(15.1) [Rev. January 1, 2000]     AT TRIAL OR HEARING AND DECLARATION        Plus

*C.C.: Villareal - plaintiff-petitioner; and to Del Norte superior court*

| PLAINTIFF/PETITIONER: FRANK VILARREAL | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:    JOHN GIMBEL | CVBS 06-1221 |

The production of the documents or the other things sought by the subpoena on page one is supported by *(check one)*:
☐ the attached affidavit or declaration    ☒ the following declaration:

### DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING
(Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the ☐ plaintiff ☒ defendant ☐ petitioner ☐ respondent
☒ attorney for *(specify):* JOHN GIMBEL, IN ☐ other *(specify):*
PRO SE
In the above-entitled action.

2. The witness has possession or control of the following documents or other things and shall produce them at the time and place specified in the *Civil Subpoena for Personal Appearance and Production of Documents and Things at Trial or Hearing* on page one of this form *(specify the exact documents or other things to be produced):*
This subpoena orders you to submit all logged or recorded documentation of calls made to you by respondent, Gimbel, between the indicated dates in petition of May 16, 2006 through May 31, 2006, including the start and end dates. The call data is to include, particularly, the day, time of day of call, and the duration of the call. You are also subpoenaed to produce all alleged answering machine RECORDATIONS (the voice recording) left on your answering machine, left by respondent, Gimbel. You may have to avail yourself of inputs associated with your answering machine and machine data, incoming calls recorded by the sheriff's dept., and any other source which would reveal any of these.
☐ Continued on Attachment 2.

3. Good cause exists for the production of the documents or other things described in paragraph 2 for the following reasons:
The Subpoenaed evidence will ~~prove JOHN GIMBEL, In Pro Se, did not make the calls stated in Restraining Order.~~ *establish the context and manner in which calls were made.*
*OK, Jon Gimbel*
*— paralegal misquote*

☐ Continued on Attachment 3.

4. These documents or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:
The Subpoenaed evidence will ~~prove JOHN GIMBEL, In Pro Se, did not make the calls stated in Restraining Order.~~ *establish the context and manner in which any calls were made.*
*OK, Jon Gimbel*
*— paralegal error*

☐ Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

JOHN GIMBEL, IN PRO SE
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ☒ SUBPOENAING PARTY ☐ ATTORNEY FOR SUBPOENAING PARTY)

(Proof of service on page three)

982(a)(15.1)

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, state bar number, and address):

JOHN GIMBEL
825 Brevus Street
Crescent City, CA 95531-2103
IN PRO SE
TELEPHONE NO.: (707) 464-5908    FAX NO.:

**ATTORNEY FOR** (Name):

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 450 H Street, Room 209
MAILING ADDRESS: SAME
CITY AND ZIP CODE: CRESCENT CITY, CA 95531
BRANCH NAME:

PLAINTIFF/PETITIONER: People of california

DEFENDANT/RESPONDENT: John Gimbel

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents and Things at Trial or Hearing AND DECLARATION**

CASE NUMBER: CRMOG-9586

FOR COURT USE ONLY

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of witness, if known):
Sheriff's station, records, Del Norte; 650 Fifth St. Crescent City, CA. 464-4191 5 also, Diana Stauley

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in Item 4 below.
   a. Date: November 6, 2006   Time: 9 AM   ☒ Dept.: 2   ☐ Div.:   ☐ Room:
   b. Address: 450 "H" st. COURTHOUSE

2. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, AND CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

3. YOU ARE (item a or b must be checked):
   a. ☐ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1582 will not be deemed sufficient compliance with this subpoena.
   b. ☒ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:
   a. Name of subpoenaing party or attorney: John Gimbel in pro se   b. Telephone number: 707 464 5908

5. Witness Fees: You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: Oct 10, 2006

John Gimbel
(TYPE OR PRINT NAME)

▶ John Gimbel
(SIGNATURE OF PERSON ISSUING SUBPOENA)

in pro se, John Gimbel
(TITLE)

(Declaration in support of subpoena on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(15.1) [Rev. January 1, 2000]

**CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING AND DECLARATION**

Code of Civil Procedure,
§ 1985 et seq.

Legal
Solutions
Plus

.TIFF/PETITIONER: people, of california

CRM06-9586

.ENDANT/RESPONDENT: John Gimbel

.e production of the documents or the other things sought by the subpoena on page one is supported by (check one):

[  ] the attached affidavit or declaration    [X] the following declaration:

## DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING

(Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the  [  ] plaintiff  [X] defendant  [  ] petitioner  [  ] respondent
[X] attorney for (specify): John Gimbel,    [  ] other (specify):
in pro se
in the above-entitled action.

2. The witness has possession or control of the following documents or other things and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Documents and Things at Trial or Hearing  on page one of this form (specify the exact documents or other things to be produced):

see attachment 2

[X] Continued on Attachment 2.

3. Good cause exists for the production of the documents or other things described in paragraph 2 for the following reasons:

proper and further securement of the proposed,
people's evidence; they are faulted for hiding
this, or being   evasive with this, so far.

[  ] Continued on Attachment 3.

4. These documents or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

subpoenaed material is integral — should be — to any
proposed people's discovery tape

[  ] Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  Oct. 10, 2006

▶ _(signature)_

(TYPE OR PRINT NAME)    (Proof of service on page three)

John Gimbel

(SIGNATURE OF  [X] SUBPOENAING PARTY  [X] ATTORNEY FOR SUBPOENAING PARTY)

In pro se

982UE(15.1) [Rev. January 1, 200X]    **CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING AND DECLARATION**    Page two of three

Sheriff's dept.:
The Del Norte County sheriff's dept. is hereby subpoenaed to produce
any documention they may own, in any form, of the following:

Record, log or documentation of calls made TO the sheriff's station FROM (707) 464 5908 (a
Crescent City phone)  between the indicated dates of May 20, 2006 through
May 30, 2006, including the start and end dates.
The call data is to include most particularly the hour and minute, time of day of the call;
then, also  the day, and the duration of
the call.  Please include which extensions within the sheriff's dept. were called to.
You may have to avail yourself of inputs associated with answering
machine data, incoming calls recorded by the sheriff's dept., and any other
sources and log systems which would reveal any of these.



You are requested to also send a copy of the information in this subpoena
for review by counsel at:

John Gimbel
225 Brevus St.
Crescent City, CA
95531

DEFENDANT/RESPONDENT: JOHN GIMBEL

### PROOF OF SERVICE OF DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
### AND PRODUCTION OF DOCUMENTS AND THINGS

1. I served this *Deposition Subpoena for Personal Appearance and Production of Documents and Things* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*: MIKE LEAVITT-DN COUNTY SHERIFF'S DEPT. (CIVIL OFFICE)

   b. Address where served: 650 5TH STREET
      CRESCENT CITY, CALIFORNIA 95531

   c. Date of delivery: OCTOBER 10, 2006

   d. Time of delivery: 1115 HOURS

   e. Witness fees and mileage both ways *(check one)*:
      (1) ☐ were paid. Amount: .................. $ _____
      (2) ☐ were not paid.
      (3) ☐ were tendered to the witness's
          public entity employer as
          required by Government Code
          section 68097.2. The amount
          tendered was *(specify)*: .............. $ _____

   f. Fee for service: $ 45.00

2. I received this subpoena for service on *(date)*: OCTOBER 10, 2006

3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☒ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:
      DOT SCHNEIDER

      SCHNEIDER'S PROCESS SERVICE
      3700 KINGS VALLEY ROAD
      CRESCENT CITY, CALIFORNIA 95531

      COUNTY OF DEL NORTE
      REGISTRATION # 2003-01

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: OCTOBER 10-2006

▶ *Dot Schneider*
   (SIGNATURE)

(For California sheriff or marshal use only)
I certify that the foregoing is true and correct.

Date:

▶ _____
   (SIGNATURE)

982(a)(15.4) [New January 1, 2000]
*Martin Dean's Essential Forms ™*

**PROOF OF SERVICE
DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
AND PRODUCTION OF DOCUMENTS AND THINGS**

Page two

crm stamp
on back
My rec d Nov 22, 2006

Nov. 18, 2006
CRM 06 9586

John Gimbel
225 Brevus St.
Crescent City, CA
95531
707.464.5908

cc: superior court

Subject: Informal Discovery Request to District Attorney pursuant to CA penal code
1054.5. (a). (b) and 1054.7.:

As/per subject, defendant in the above referenced case seeks the following discovery
items from the district attorney:

Record, log or documentation of all calls RECEIVED BY the sheriff's station FROM
(707) 464 5908 (a Crescent City phone) between the indicated dates of May 21, 2006
through May 29, 2006, including the start and end dates. The call data is to include most
particularly the hour and minute, time of day of the call; then, also the day, and the
duration of the call.  Please include which extensions within the sheriff's dept. were called to.
You may have to avail yourself of inputs associated with answering
machine data, incoming calls recorded by the sheriff's dept., and any other
sources and log systems which would reveal any of these.

You are requested to also send a copy of the information in this subpoena for review by
counsel at:

John Gimbel
225 Brevus St.
Crescent City, CA
95531

Thank you,

John Gimbel

## PROOF OF SERVICE BY MAIL, PERSONAL DELIVERY, OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION

I am a citizen of the United States and a resident of Humboldt County; I am over the age of eighteen (18) years; my address is 1533 Oregon St., Crescent City, CA 95501.

On May 8, 2007 I served the within on the interested parties in said action:

___X___ By following the ordinary business practice, placing on that date at my place of business, a true copy there of enclosed in a sealed envelope(s) with postage thereon fully prepaid, for collection and mailing with the United States Postal Service at Crescent City California, where it would be deposited with the United States Postal Service that same day in the ordinary course of business addressed as follows:

Calif. Court of Appeal (1 orig plus 4)
350 McAllister Street
San Francisco, CA 94102

Calif. Supreme Court (4 copies)
350 McAllister Street
San Francisco, CA 94102

Del Norte Superior Court
450 "H" St.
Rm 209
Crescent City, CA 95501

Dohn Henion
981 "H" St.
Crescent City, CA
95531

_____ By personally delivering a copy of said document(s) on the party(ies) named below at the following address(es):

_____ By following the ordinary business practice, placing on that date at my place of business, the above documents for deposit that same day in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express, with delivery fees paid or provided for as follows:

_____ By transmitting by facsimile machine, telephone number 707 464 5908, to the party(ies) named below at the facsimile machine telephone number listed below. The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Name:_____          Facsimile No: _____
Name:_____          Facsimile No: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this May 8, 2007 at Crescent City, California.

Sheldon Pearcey

# EXHIBIT D

Filed 4/27/07  Villarreal v. Gimbel CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**FRANK VILLARREAL,**

    **Plaintiff and Respondent,**

    **v.**

**JOHN GIMBEL,**

    **Defendant and Appellant.**

_____/

**A115201**

**(Del Norte County**
**Super. Ct. No. CVHS061221)**

John Gimbel appeals from a civil injunction prohibiting him from harassing respondent Frank Villarreal.  Appellant contends (1) the injunction was not supported by adequate evidence, (2) the injunction violated his free speech rights, and (3) the court erred when it declined to consider certain evidence.  We reject these arguments and affirm.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Respondent Villarreal works as a deputy for the Del Norte County Sheriff's Department.  On May 16, 2006, respondent issued a ticket to appellant because his car had a broken tail light, and because appellant lacked adequate proof of insurance.

Appellant believed the latter violation was unwarranted.  He decided to give respondent a "real fine chew out."  Appellant called respondent at work and left "about 25" messages on his answering machine that in total, lasted about 90 minutes.  Many of the messages were profane and included passages in which appellant told respondent he

1

had "fucked up" and called him a "bastard," "shit mouth," "mother fucker shit mouth," and "pig."

A few days later, appellant left a more ominous message on respondent's answering machine. He suggested that respondent "kill" himself.

Respondent knew that appellant previously had threatened another public official, and he felt threatened by appellant's repeated calls. On June 5, 2006, respondent filed a petition under Code of Civil Procedure section 527.6[1] to stop appellant from harassing him.

Appellant opposed the petition. He freely admitted that he had called respondent repeatedly to "chew [him] out." He claimed he had the right to do so because the insurance ticket was not justified. Appellant also continued his profane taunts. In one of his pleadings, he told the court: "I gave that fag both barrels on his answering machine later, you bet! He should be so fuckin' lucky that's all I do."

At the hearing, respondent testified that he felt threatened by appellant's repeated calls and that they had caused him severe emotional distress. A witness coordinator who helped victims of harassment prepare paperwork for restraining orders also testified. She said the calls were of such a nature that they would cause a normal person to suffer severe emotional distress.

Based on this evidence, the court issued a restraining order that prohibited appellant from contacting respondent for a period of one year. The court was careful to note that the order did not preclude appellant from contacting the sheriff's office generally, or from contacting any other officer.

II. DISCUSSION

A. Sufficiency of the Evidence

Appellant contends the injunction must be reversed because it is not supported by sufficient evidence.

---

[1]    Unless otherwise indicated, all further section references will be to the Code of Civil Procedure.

2

Section 527.6 sets forth a procedure under which a person may seek an injunction prohibiting harassment. The term "harassment" is defined by section 527.6, subdivision (b) to include a "knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff." A "course of conduct" is defined by the statute to mean "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including . . . making harassing telephone calls to an individual . . . ." (§ 527.6, subd. (b)(3).)

"In assessing whether substantial evidence supports the requisite elements of willful harassment, as defined in Code of Civil Procedure section 527.6, we review the evidence before the trial court in accordance with the customary rules of appellate review. We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value. [Citations.]" (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

Appellant contends the evidence in this case was insufficient in two respects. His first argument is based on the fact that respondent admitted at trial that he did not listen to all the messages that appellant had left. Instead, respondent said he listened to several of the messages and then turned the answering machine off. Appellant argues that in light of this fact, the evidence was insufficient to support a statutory violation. While respondent did state that he had not listened to every message appellant left, he also testified that the messages he did listen to had caused him significant emotional distress. While respondent might have suffered a greater degree of distress if he had listened to every message, substantial evidence supports the conclusion that the messages respondent did listen to caused him significant emotional distress.

3

Alternately, appellant contends the evidence was insufficient because a tape that contained all the messages appellant left was not admitted into evidence. Again, while this is true, it does not make a difference. Respondent and the witness coordinator both testified and they described the contents of the tape. The parties actually played one of the messages in open court and respondent testified that message was less abusive than others that appellant had left. The court as factfinder could reasonably conclude appellant had harassed respondent based on the evidence that was admitted.

B. Free Speech

Appellant contends the injunction is invalid because it violated his free speech rights.

The First Amendment to the United States Constitution and article I, section 2, subdivision (a) of the California Constitution both guarantee the right to speak freely. The right to free speech, however, is not absolute. (*Near v. Minnesota* (1931) 283 U.S. 697, 708; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 134.) "[T]he state may penalize threats, even those consisting of pure speech, provided the relevant statute singles out for punishment threats falling outside the scope of First Amendment protection. . . . A statute that is otherwise valid, and is not aimed at protected expression, does not conflict with the First Amendment simply because the statute can be violated by the use of spoken words . . . ." (21 Cal.4th at p. 134, internal citations & punctuation omitted.)

Section 527.6 clearly is valid under this standard. The section makes it illegal to engage in a "course of conduct" that "seriously alarms, annoys or harasses" another person. (§ 527.6, subd. (b).) The evidence here shows appellant engaged in such a "course of conduct" by repeatedly leaving abusive messages on respondent's answering machine. That finding is not invalid simply because appellant violated the statute by using spoken words. (*Aguilar v. Avis Rent A Car System, Inc., supra,* 21 Cal.4th at p. 134.)

C. Failure to Consider Evidence

Appellant contends the harassment order must be reversed because the trial court declined to listen to a tape of a telephone call he made to the Del Norte Sheriff complaining about respondent's activities.

We reject this argument for two reasons. First, appellant has not cited any authority that would indicate the trial court erred on this ground. A "reviewing court is not required to make an independent, unassisted study of the record in search of . . . grounds to support the judgment. It is entitled to the assistance of counsel. Accordingly every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050, internal citation & punctuation omitted.)

Second, the record indicates that the trial court declined to listen to the tape because it was not directly relevant to the issues being tried. As the court explained, "This doesn't have anything to do with Mr. Wilson. This has to do with Mr. Villarreal as a person." A trial court is granted broad discretion to reject evidence if its admission would necessitate undue consumption of time. (Evid. Code, § 352.) The court here did not abuse its discretion when it declined to consider evidence that was, at best, marginally relevant to the issues being tried. (*People v. Minifie* (1996) 13 Cal.4th 1055, 1070.)

## III.  DISPOSITION

The order prohibiting harassment is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Gemello, J.

# EXHIBIT E

COPY

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 5

**FILED**
Court of Appeal-First App. Dist.

MAY 1 5 2007

DIANA HERBERT

BY _____
                           DEPUTY

FRANK VILLAREAL,
Plaintiff and Respondent,
v.
JOHN GIMBEL,
Defendant and Appellant.

A115201
Del Norte County No. CVHS061221

BY THE COURT:

    Appellant's petition for rehearing, filed herein on May 9, 2007, is denied.

Date:    MAY 1 5 2007                  JONES, P.J.          P.J.



RECEIVED
MAY 1 7 2007
County Counsel

# EXHIBIT F

1

John Gimbel
225 Brevus St.
Crescent City CA
95531
707.464.5908
in pro se

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL<br>              Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, DEL NORTE<br>COUNTY SHERIFF'S DEPARTMENT,<br>JERRY HARWOOD, BILL STEVEN, GENE<br>McMANUS, MELANIE BARRY, DANA RENO,<br>ROBERT BARBER, ED FLESHMAN,<br>CRESCENT CITY<br>POLICE DEPARTMENT,<br>DOUGLASS PLACK, GREG JOHNSON, JAMES<br>HOLT, CALEB CHADWICK, THOMAS<br>BURKE, DEL NORTE DISTRICT ATTORNEY,<br>KEITH MORRIS, AC FIELD, MICHAEL RIESE,<br>DARREN McELFRESH, AND FRITZ<br>LUDERMAN<br><br><br><br>              Defendants | CASE NO. :<br>COMPLAINT FOR DAMAGES,<br>LOSS AND INJURY FOR:<br>VIOLATION OF FIRST<br>AMENDMENT, VIOLATION OF<br>SECOND AMENDMENT, BATTERY,<br>ASSAULT, FALSE ARREST,<br>MALICIOUS PROSECUTION, FALSE<br>IMPRISONMENT, ILLEGAL<br>WARRANTS, VIOLATIONS OF 42<br>USC SECTION 1983, INTENTIONAL<br>INFLICTION OF EMOTIONAL<br>DISTRESS, DAMAGE TO<br>PERSONAL PROPERTY,<br>CONVERSION OF PERSONAL<br>PROPERTY AND LOST INCOME,<br>INVASION OF PRIVACY, TRESPASS;<br>DEMAND FOR JURY TRIAL |

------------------------------------------------------------

Plaintiff states as follows:

1. Plaintiff is and was at all times mentioned herein a citizen of the state of California. He
is, hereinafter and throughout, called by claimant, plaintiff, John Gimbel or Gimbel.

## Jurisdiction

2. The jurisdiction of this court over the subject matter of this action founds upon 42 USC

Claim and complaint, Gimbel                    -1-

# EXHIBIT G

1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 JOHN GIMBEL,                                      No. C 07-0113 MJJ

12          Plaintiff,

13   v.                                             **ORDER GRANTING DEFENDANT'S**
                                                     **MOTION TO DISMISS**
14 COUNTY OF DEL NORTE, JERRY
   HARWOOD, BILL STEVEN, GENE
15 McMANUS, MELANIE BARRY, ROBERT
   BARBER, ED FLESHMAN, KEITH MORRIS,
16 A.C. FIELD, DISTRICT ATTORNEY
   MICHAEL RIESE, DARREN McELFRESH,
17
            Defendants.
18                                            /

19                              **INTRODUCTION**

20      Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

21 brought by Defendants Michael Riese, Keith Morris, Darren McElfresh, A.C. Fields, (collectively,

22 "District Attorney Defendants"), Bill Steven, Gene McManus, Melanie Barry, Robert Barber, Jerry

23 Harrwood (collectively, "Sheriff Department Defendant"), and the County of Del Norte

24 (collectively, "County Defendants").[1] In the current motion Defendants seek to dismiss all of

25 Plaintiff's claims. Pro se Plaintiff John Gimbel ("Plaintiff" or "Gimbel") opposes Defendants'

26 Motion. For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss.

27

28      [1]Docket No. 14. Plaintiff alleges claims against the following list of Defendants: State of California, Del Norte
   County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Dana Reno, Robert Barber, Ed
   Fleshman, Crescent City Police Department, Douglas Plack, Greg Johnson, James Holt, Caleb Chadwick, Thomas Burke,
   Del Norte District Attorney, Darren McElfresh, and Fritz Luderman.

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1

2

**FACTUAL BACKGROUND**

In this civil action Plaintiff seeks monetary damages from Defendants under federal and state causes of action resulting from Plaintiff's arrest and subsequent prosecution for an Internet message posted[2] on the Internet Community Forum for the City of Crescent City. As best as the Court can discern, the material allegations from Plaintiff's Complaint are as follows.

On April 8, 2004, the Del Norte County Sheriff's Department arrested Plaintiff and removed two computers and two handguns from the arrest location. (Compl. ¶ 5.) Defendants charged Plaintiff with violating Cal. Penal Code § 71.[3] (Id. ¶ 25.) Plaintiff's criminal jury trial began on September 26, 2005. (Id. ¶ 121.) Following his conviction, the trial court sentenced Plaintiff on October 27, 2005.[4] However, on June 17, 2006, the appellate court overturned Plaintiff's conviction. (Id. ¶¶ 5, 10.)

On August 30, 2004, Plaintiff filed a notice of claim titled "Government Claim For Damages and Injunctive Relief (Government Code 910)." (Id. Ex. 2.) Plaintiff's government claim against Defendants alleged the same causes of action against the same list of Defendants as does Plaintiff's current Complaint. (Id.) Plaintiff alleges that he filed the claim within the statutory of limitations period for such a claim. (Id. ¶ 7.) Plaintiff's administrative claim was rejected on October 15, 2005. (Declaration of John Vrieze ("Vrieze Decl.") ¶ 9, Ex. H.)

On January 8, 2007, Plaintiff filed the operative complaint now before this Court. Plaintiff's Complaint alleges federal claims for relief against Defendants for violation of his rights under the First, Second, and Fourth Amendments of the United States Constitution. (Id. ¶¶ 215, 234, 236.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]Pro se Plaintiff's internet posting read,

Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me left a little over-zealous. That's a drag. I am hereby deputizing all the citizens of Crescent City to fix up some of the f*ck up piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze away to dust the skull of the policy chief.

Make an example of that scum. That should do it for awhile. However, if any other piggos down at the station give you crap on this or get in the way, then blow their skulls off, too.

(Compl. Ex. A.)

[3] "Threatening Public Officers and Employees and School Officials." Cal. Penal Code § 71.

[4]See Plaintiff's Exhibit 4, Docket No. 4

2

1   Plaintiff's Complaint also alleges state law tort causes of action for intentional infliction of

2   emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property,

3   and false imprisonment. (*Id.* ¶¶ 222, 224, ,226, 228, 230.) Plaintiff seeks damages of $1.36 billion.

4   (*Id.* ¶ 106.)

**LEGAL STANDARD**

6   **I.    Motion to Dismiss**

7        A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

8   sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a

9   Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

10  Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*

11  *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the

12  plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a

13  cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d

14  780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);

15  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is

16  appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of

17  a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule

18  12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and

19  construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d

20  428, 435 (9th Cir. 2000).

21       A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the

22  pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*,

23  749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss pursuant to Rule

24  12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and

25  construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v.*

26  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

27       In the context of a motion to dismiss, review is limited to the contents in the complaint.

28  *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). When

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1   matters outside the pleading are presented to and accepted by the court, the motion to dismiss is

2   converted into one for summary judgment. However, matters properly presented to the court, such

3   as those attached to the complaint and incorporated within its allegations, may be considered as part

4   of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555

5   n.19 (9th Cir. 1989). Where a plaintiff fails to attach to the complaint documents referred to therein,

6   and upon which the complaint is premised, a defendant may attach to the motion to dismiss such

7   documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway*

8   *Exchange*, 169 F. Supp. 2d at 1164; *Branch v. Tunnell*, 14 F.3d 449, 44 (9th Cir. 1994) (overruled

9   on other grounds). Thus, the district court may consider the full texts of documents that the

10  complaint only quotes in part. *See In re Stay Electronics Sec. Lit.*, 89 F.3d 1399, 1405 n.4 (1996),

11  *cert denied*, 520 U.S. 1103 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6)

12  motion by deliberately omitting references to documents upon which their claims are based."

13  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).

14                                           **ANALYSIS**

15  **I.      Motion to Dismiss § 42 U.S.C. 1983 Claims Against District Attorney Defendants**

16          **A.      Absolute Prosecutorial Immunity For District Attorney Defendants**

17          District Attorney Defendant's contend that Plaintiff's 42 U.S.C. § 1983 claims against

18  Michael Riese, Keith Morris, Darren McElfresh, and A.C. Field are barred as a matter of law by

19  absolute prosecutorial immunity. Plaintiff's Opposition alleges no legally cognizable theory or

20  factual allegation to Defendant's opposition. As explained below, the Court finds that District

21  Attorney Defendants are entitled to absolute prosecutorial immunity.

22          A prosecutor performing an advocate's role is an officer of the court entitled to absolute

23  immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993). Prosecutors therefore are

24  absolutely immune from liability for their conduct as "advocates" during the initiation of a criminal

25  case and its presentation at trial. *See id.*; *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see, e.g.*,

26  *Burns v. Reed*, 500 U.S. 478, 490-91 & n.6 (1991) (prosecutors absolutely immune for their conduct

27  before grand juries and in presenting evidence at probable-cause hearings for a search warrant);

28  *Imbler*, 424 U.S. at 431 (prosecutor absolutely immune from liability for the knowing use of false

United States District Court

For the Northern District of California

1    testimony at trial); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutors absolutely

2    immune for gathering additional evidence after probable cause is established or criminal proceedings

3    have begun when they are performing a quasi-judicial function).  The "reasons supporting the

4    doctrine of absolute immunity apply with equal force regardless of the nature of the underlying

5    action." *Id.* (citing *Flood v. Harrington*, 532 F.2d 1248, 1251 (9th Cir. 1976)).  The touchstone of

6    this immunity is whether the attorney's actions are "intimately" or "closely" associated with the

7    judicial process.  *See id.*  If the government attorney is performing acts  intimately associated with

8    the judicial phase of the litigation, that attorney is entitled to absolute immunity from damage

9    liability.  *See Id.*

10    Prosecutors are entitled only to qualified, not absolute, immunity when they perform

11    administrative or investigatory, rather than advocatory, functions.  *See Kalina v. Fletcher*, 522 U.S.

12    119, 122-31 (1997).  Thus, in determining immunity, the court examines the nature of the function

13    performed, not the identity of the actor who performed it.  *See id.* at 127.  Absolute immunity

14    requires that the activities at issue be "intimately associated with the judicial phase of the criminal

15    process." *Imbler*, 424 U.S. at 430.  Prosecutors therefore are not absolutely immune when they take

16    part in the preliminary gathering of evidence that may ripen into a potential prosecution, *See*

17    *Buckley*, 509 U.S. at 273; *Nash-Holmes*, 169 F.3d at 642; *Gobel v. Maricopa County*, 867 F.2d 1201

18    (9th Cir. 1989), or give advice to the police in the investigative phase of a criminal case, *See* Burns,

19    500 U.S. at 493.

20    Here, District Attorney Defendants contend that allegations in Plaintiff's Complaint fall

21    within the scope of their authority to act in a quasi-judicial capacity.  In Plaintiff's Complaint

22    Plaintiff makes a general assertion that there was no probable cause to issue a warrant for his arrest.

23    (Compl. ¶ 24.)  Plaintiff also alleges  Defendant Keith Morris presented false evidence in response to

24    Plaintiff's Motion to Dismiss  criminal charges which Plaintiff submitted to the criminal court on or

25    about July, 2004. (*Id.* ¶¶ 15,117.)  Plaintiff also alleges that District Attorney Defendants used an

26    inaccurate example of Plaintiff's Internet posting when prosecuting him (*Id.* ¶ 108.)

27    Because the face of Plaintiff's Complaint fails to allege any cognizable legal theory or

28    factual basis opposing District Attorney Defendants's contention of absolute prosecutorial immunity

**United States District Court**

For the Northern District of California

1  to all Plaintiff's Section 1983 claims, the Court **GRANTS** District Attorney Defendants' Motion to

2  Dismiss all Section1983 claims.  Plaintiff shall have thirty days from the entry of this order to file an

3  Amended Complaint to properly allege claims, if any, against District Attorney Defendants.

4  Plaintiff's Amended Complaint should allege specific facts as to how the District Attorney

5  Defendants are not entitled to absolute prosecutorial as to Plaintiff's claims against them.

6  **II.     Motion to Dismiss Plaintiff's Section 1983 Claims against Sheriff Department
           Defendants**

7

8      **A.     Failure to Allege Sufficient Facts to Support Section Claim Against
           Sheriff Department Defendants**

9      Sheriff Department Defendants Bill Steven, Gene McManus, Melanie Barry, Robert Barber,

10  Ed Fleshman, and Jerry Harwood contend that Plaintiff offers no factual allegations specifying how

11  they deprived Plaintiff of any of his constitutional rights.  Plaintiff's Opposition alleges no

12  cognizable legal theory or factual basis opposing Sheriff Department Defendants' contention.  As

13  explained below, the Court finds that Plaintiff has not alleged sufficient facts to support a § 1983

14  claim against any of the Sheriff Department Defendants.

15      To seek relief under 42 U.S.C. § 1983, Plaintiff must show defendants, acting under the

16  color of state law, deprived Plaintiff of his constitutional or federal statutory rights. *See West v.*

17  *Atkins*, 487 U.S. 42, 48 (1988).  A prima facie case under § 1983 requires allegations showing how

18  individually named defendants caused or personally participated in causing the alleged harm.

19  *Arnold v. Int'l Bus. Machines Copr.*, 637 F.2d 1350, 1355 (9th Cir. 1981).  "Ordinarily, a pro se

20  complaint will be liberally construed and will be dismissed only if it appears 'beyond doubt that the

21  plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Estelle*

22  *v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)).

23  However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential

24  elements of the claim that were not initially pled.  Vague and conclusory allegations of official

25  participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v.*

26  *Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*,

27  673 F.2d 266, 268 (9th Cir.1982)).

28      Here, Sheriff Department Defendants contend that Plaintiff alleges no factual allegations

1  specifying how they deprived Plaintiff of his constitutional rights. In Plaintiff's Complaint, Plaintiff

2  alleges that Sheriff Department Defendants chose to take Plaintiff's Internet posting out of context

3  (Compl. ¶¶ 108, 109), and alleges generally that there was no probable cause for a warrant or arrest.

4  (*Id.* ¶ 24.) Because Plaintiff fails to set forth specific facts establishing a basis for First, Second, or

5  Fourth Amendment violations by Sheriff Department Defendants, the Court **GRANTS** Sheriff

6  Department Defendants' Motion to Dismiss on all of Plaintiff's Section 1983 claims. Plaintiff shall

7  have thirty days from the entry of this order to file an Amended Complaint to properly allege claims,

8  if any, against Sheriff Department Defendants.[5] Plaintiff's Amended Complaint should allege, with

9  specificity, how each Sheriff Department Defendant's action or inaction deprived him of his

10  constitutional rights.

11  **III    Motion to Dismiss Claims Against the County of Del Norte**

12      **A.    Failure to State a Claim Against the County of Del Norte**

13      County Defendants contend that Plaintiff fails to state an individual claim against it and that

14  Plaintiff alleges no facts indicating County Defendant had a policy or custom that amounted to

15  deliberate interference with Plaintiff's Constitutional rights. Plaintiff's Opposition alleges no factual

16  basis opposing County Defendant's contentions. As explained below, the Court finds that Plaintiff

17  has not alleged facts establishing County Defendants had a policy or custom that amounted to

18  deliberate interference with Plaintiff's Constitutional rights.

19      Local government officials sued in their official capacities are "persons" under § 1983 in

20  those cases in which a local government would be suable in its own name. *Monell v. Dep't of Soc.*

21  *Servs.*, 436 U.S. 658, 691 n. 55 (1978)). "[T]he legislative history of the Civil Rights Act of 1871

22  compels the conclusion that Congress did intend municipalities and other local government units to

23  be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. Local

24  governments can be sued for monetary, declaratory, or injunctive relief where such suits arise out of

25  unconstitutional actions that implement or execute a "policy statement, ordinance, or decision

26  officially adopted and promulgated by that body's officers. . . ." *Id.* 690-91. If no official policy

27

28      [5]Because the Court Grants Sheriff Department Defendant's Motion to Dismiss for Failure to Allege Sufficient Facts To Support a § 1983 claim, the Court need not address Sheriff Department Defendant's Motion to Dismiss on the grounds of a Facially Valid Warrant Barring § 1983 Claims or Qualified Immunity.

United States District Court

For the Northern District of California

1    exists, "customs and usages" may fulfill this element of a Section 1983 claim against a local

2    government. *Id.* However, "A municipality cannot be held liable solely because it employs a

3    tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat

4    superior theory." *Monell*, 436 U.S. at 691.  "A local government may not be sued under § 1983 for

5    an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's

6    policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be

7    said to represent official policy, inflicts the injury that the government as an entity is responsible

8    under § 1983." *Id*. at 694.

9        "To impose liability on a local governmental entity for failing to act to preserve

10   constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional

11   right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts

12   to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving

13   force behind the constitutional violation.' *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)

14   (Quoting *City of Canton*, 489 U.S. at 389-91).

15       Here, Plaintiff alleges no facts indicating that County Defendant has a policy amounting to

16   deliberate indifference to Plaintiff's Constitutional rights.  Because Plaintiff fails to provide a factual

17   basis of liability for County Defendant under Section 1983, the Court **GRANTS** County

18   Defendant's Motion to Dismiss each of Plaintiff's Section 1983 claims against the County of Del

19   Norte.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to

20   properly allege claims, if any, against the County of Del Norte.  Plaintiff's Amended Complaint

21   should proffer facts sufficient to establish that the County of Del Norte has a formal policy that

22   amounts to deliberate indifference to the Plaintiff's constitutional rights, which was the moving

23   force behind the constitutional violations.

24   **IV.    Motion to Dismiss All of Plaintiff's State Law Claims Against All Defendants**

25       **A.    Failure to Allege Sufficient Facts of Compliance With The California Torts
            Claim Act**

26

27       Defendants collectively contend that Plaintiff's state law tort claims are barred for failure to

     comply with the statute of limitations period under the California Tort Claims Act ("CTCA").  In

28   Plaintiff's Opposition, Plaintiff alleges no cognizable legal theory or sufficient factual basis

United States District Court

For the Northern District of California

1    opposing Defendant's Contention.

2         The CTCA governs tort claims against public entities and their officials. *See* Cal. Gov. Code

3    § 810 *et seq*. The CTCA requires any civil complaint for money or damages must first be timely

4    presented in writing to, and rejected by, the pertinent public entity. Cal. Gov.Code §§ 910, 912.4,

5    912.8, 945.4; *See also Hart v. Alameda County*, 76 Cal. App. 4th 766, 778 (Cal. Ct. App. 1999).

6    Suits against a public entity or public employees are governed by the specific statute of limitations

7    provided in the Government Code, not the statute of limitations that applies to private defendants.

8    *Moore v. Twomey*, 120 Cal. App. 4th 910, 913-914 (2004); *Martel v. Antelope Valley Hospital*

9    *Medical Center*, 67 Cal. App. 4th 978, 981 (Cal. Ct. App. 1998). Each theory of recovery against

10   the public entity must have been reflected in a timely claim. *Munoz v. State of California*, 33 Cal.

11   App. 4th 1767, 1778 (Ct. Cal. App. 1995). In addition, the factual circumstances set forth in the

12   claim must correspond with the facts alleged in the complaint. *Brownell v. Los Angeles Unified*

13   *School Dist.*, 4 Cal. App. 4th 787, 793-94 (1992). If a claimant fails to timely file a claim with the

14   public entity, and its claim is consequently rejected by the public entity for that reason, courts are

15   without jurisdiction to hear the claimant's cause of action. *Greyhound Lines, Inc. v. County of Santa*

16   *Clara*, 187 Cal. App. 3d 480, 487 (1986).

17        Generally speaking, no suit for money or damages may be brought against a public entity on

18   a cause of action for which a claim is required to be presented until a written claim has been

19   presented to the public entity and has been acted upon by the board, or has been deemed to have

20   been rejected by the board. Cal. Gov. Code, § 945.4; *Ocean Services Corp. v. Ventura Port Dist.*, 15

21   Cal. App. 4th 1762, 1775 (Ct. Cal. App. 1993). Government Code section 911.2 requires the claim

22   relating to a cause of action for death or for injury to person or to personal property be presented not

23   later than *six months* after the accrual of the cause of action. Cal. Gov. Code § 911.2.[6] Furthermore,

24   Government Code section 945.4, requires presentation of a timely claim as a condition precedent to

25

26   _____

         [6]The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim
27   so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available;
     (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and
28   (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. *Wadley v. County
     of Los Angeles*, 205 Cal. App. 2d 668, 670 (Ct. Cal. App. 1962); *Nguyen v. Los Angeles County Harbor/UCLA Medical
     Center*, 8 Cal. App. 4th 729, 734 (Ct. Cal. App. 1992).

**United States District Court**
For the Northern District of California

1    the commencement of suit against the public entity.  Government Code Section 945.6, subdivision

2    (a)(1), requires the commencement of the suit to be no later than six months after written notice of

3    the rejected claim.  Cal. Gov. Code § 945.6.

4         California Government Code section 945.3 provides that the CTCA statute of limitations is

5    tolled for a person charged with a criminal offence and bringing a civil action for money against a

6    peace officer or public entity employing the peace officer based upon conduct of the peace officer

7    relating to the offense for which the accused is charged.  Cal. Gov. Code §945.3.  The applicable

8    statute of limitation is tolled for claims against peace officers or public entities employing the peace

9    officers while criminal charges are pending before a superior court.  *Id*.  Under this section criminal

10   charges are "pending" until the date of judgment.  *See McAlpine v. Superior Court*, 209 Cal. App. 3d

11   1, 3 (1989).  However, the applicable statute of limitation is not tolled while a case is on appeal.

12   Cal. Gov. Code § 945.3.

13        Here, Plaintiff alleges only that, sometime in 2004,  he filed a notice of claim entitled

14   "Government Claim for Damages and Injunctive Relief (Government Code 910)" that was filed

15   within the six month limitation period required by CTCA statute.  (Compl. ¶ 7.)  Because Plaintiff

16   has proffered only a conclusory allegation that he has complied with necessary CTCA filing

17   requirements, Plaintiff has not alleged sufficient facts to support his CTCA claim against County

18   Defendants. For this reason, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's state

19   law tort claims.  Plaintiff shall have thirty days from the entry of this order to file an Amended

20   Complaint to properly allege his state law tort claims, if any, against the County Defendants.

21   Plaintiff's Amended Complaint should provide a factual basis for alleging that Plaintiff's

22   commencement of this civil action was timely under the pertinent Government Code Sections.

23   //

24   //

25   //

26   //

27   //

28   //

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, the Court:

1.     **GRANTS** District Attorney Defendants' Motion to Dismiss each of Plaintiff's Section 1983 claims;

2.     **GRANTS** Sheriff Department Defendants' Motion to Dismiss on all of Plaintiff's Section 1983 claims. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against Sheriff Department Defendants;

3.     **GRANTS** County Defendant's Motion to Dismiss each of Plaintiff's Section 1983 claims against the County of Del Norte.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the County of Del Norte.

4.     **GRANTS** Defendants' Motion to Dismiss Plaintiff's state law tort claims.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege his state law tort claims, if any, against the County Defendants.

**IT IS SO ORDERED.**

Dated: June_21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

11