# EXHIBITS H – N

# TO BE ATTACHED TO
# DECLARATION OF
# JOHN M. VRIEZE
# E-FILED FEBRUARY 5, 2008.

**EXHIBIT H**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GIMBEL,

        Plaintiff,

  v.

CRESCENT CITY POLICE DEPARTMENT,
DANA RENO, DOUGLAS PLANK, JAMES
HOLT, and FRITZ LUDERMAN,

        Defendants.

No. C 07-0113 MJJ

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

## INTRODUCTION

Before the Court is Defendants City of Crescent City, Dana Reno, Douglas Plank, James Holt, and Fritz Luderman's (collectively, "City Defendants")[1] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e), and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f).[2] Pro se Plaintiff John Gimbel opposes City Defendants' motion. For the following reasons, the Court **GRANTS** City Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

---

[1] In the Complaint, pro se Plaintiff generally refers to the City of Crescent City as "Crescent City Police Department. Plaintiff alleges claims against the following list of Defendants: State of California, Del Norte County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Dana Reno, Robert Barber, Ed Fleshman, Crescent City Police Department, Douglas Plack, Greg Johnson, James Holt, Caleb Chadwick, Thomas Burke, Del Norte District Attorney, Darren McElfresh, and Fritz Luderman. (Complaint ("Compl.") at Docket No. 3.)

[2] Docket Nos. 13 and 35.

United States District Court

For the Northern District of California

1    In this civil action Plaintiff seeks monetary damages from City Defendants under federal and

2  state causes of action resulting from Plaintiff's arrest and subsequent prosecution for an Internet

3  message posted[3] on the Internet Community Forum for the City of Crescent City.  As best as the

4  Court can discern, the material allegations from Plaintiff's Complaint are as follows.

5    On April 8, 2004, the Del Norte County Sheriff's Department arrested Plaintiff and removed

6  two computers and two handguns from the arrest location.  (Compl. ¶ 5.)  Defendants charged

7  Plaintiff with violating Cal. Penal Code § 71.[4]  (*Id.* ¶ 25.)  Plaintiff's criminal jury trial began on

8  September 26, 2005.  (*Id.* ¶ 121.)  Following his conviction, the trial court sentenced Plaintiff on

9  October 27, 2005.[5]  However, on June 17, 2006, the appellate court overturned Plaintiff's

10  conviction.  (*Id.* ¶¶ 5, 10.)

11

12    On August 30, 2004, Plaintiff filed a notice of claim titled "Government Claim For Damages

13  and Injunctive Relief (Government Code 910)."  (*Id.* Ex. 2.)  Plaintiff's government claim against

14  Defendants alleged the same causes of action against the same list of Defendants as does Plaintiff's

15  current Complaint.  (*Id.*)  Plaintiff alleges that he filed the claim within the statutory of limitations

16  period for such a claim.  (*Id.* ¶ 7.) Plaintiff's administrative claim was rejected on October 15, 2005.

17  (Declaration of John Vrieze ("Vrieze Decl.") ¶ 9, Ex. H.)

18    On January 8, 2007, Plaintiff filed the operative complaint now before this Court.  Plaintiff's

19  Complaint alleges federal claims for relief against City Defendants for violation of his rights under

20  the First, Second, and Fourth Amendments of the United States Constitution.  (*Id.* ¶¶ 215, 234, 236.)

21

22    [3]Pro se Plaintiff's internet posting read,

23    Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me left a little over-zealous.
That's a drag.  I am hereby deputizing all the citizens of Crescent City to fix up some of the f*ck up
piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze

24    away to dust the skull of the policy chief.

25    Make an example of that scum.  That should do it for awhile.  However, if any other piggos down at the
station give you crap on this or get in the way, then blow their skulls off, too.

26

27  (Compl. Ex. A.)

    [4] "Threatening Public Officers and Employees and School Officials."  Cal. Penal Code § 71.

28    [5]*See* Plaintiff's Exhibit 4, Docket No. 4

2

1   Plaintiff's Complaint also alleges state law tort causes of action for intentional infliction of

2   emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property,

3   and false imprisonment. (*Id.* ¶¶ 222, 224, ,226, 228, 230.) Plaintiff seeks damages of $1.36 billion.

4   (*Id.* ¶ 106.)

5                                   **LEGAL STANDARD**

6          A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

7   sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a

8   Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

9   Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News

10  Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the

11  plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a

12  cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d

13  780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);

14  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is

15  appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of

16  a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule

17  12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and

18  construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d

19  428, 435 (9th Cir. 2000).

20         A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the

21  pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*,

22  749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss pursuant to Rule

23  12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and

24  construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v.

25  Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In the context of a motion to dismiss, review is

26  limited to the contents in the complaint. *Allarcom Pay Television, Ltd. v. General Instrument Corp.*,

27  69 F.3d 381, 385 (9th Cir. 1995). When matters outside the pleading are presented to and accepted

28  by the court, the motion to dismiss is converted into one for summary judgment. However, matters

1  properly presented to the court, such as those attached to the complaint and incorporated within its

2  allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v.*

3  *Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Where a plaintiff fails to attach to

4  the complaint documents referred to therein, and upon which the complaint is premised, a defendant

5  may attach to the motion to dismiss such documents in order to show that they do not support the

6  plaintiff's claim. *See Pacific Gateway Exchange*, 169 F. Supp. 2d at 1164; *Branch v. Tunnell*, 14

7  F.3d 449, 44 (9th Cir. 1994) (overruled on other grounds). Thus, the district court may consider the

8  full texts of documents that the complaint only quotes in part. *See In re Stay Electronics Sec. Lit.*,

9  89 F.3d 1399, 1405 n.4 (1996), *cert denied*, 520 U.S. 1103 (1997). This rule precludes plaintiffs

10  "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon

11  which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).

12

13  ## ANALYSIS

14  **I.    Motion To Dismiss Plaintiffs Section 1983 Claims Against City Defendants**

15  **A.    Section 1983 Claims Against the Individual City Defendants**

16  At the outset, the Court notes that Plaintiff's complaint does not make any specific factual

17  allegations against Dana Reno, Douglas Plank, or James Holt, or Fritz Luderman. The only

18  individual Defendant specifically identified in Plaintiff's Complaint is Douglas Plank. (Compl. ¶¶

19  25, 26, 31, 34, 60, 84.) However, Plaintiff fails to allege how these individual Defendants caused or

20  personally participated in causing Plaintiff's alleged harm.

21  To seek relief under 42 U.S.C. § 1983, Plaintiff must show defendants, acting under the color

22  of state law, deprived Plaintiff of his constitutional or federal statutory rights. *See West v. Atkins*,

23  487 U.S. 42, 48 (1988). A prima facie case under § 1983 requires allegations showing how

24  individually named defendants caused or personally participated in causing the alleged harm.

25  *Arnold v. Int'l Bus. Machines Copr.*, 637 F.2d 1350, 1355 (9th Cir. 1981). "Ordinarily, a pro se

26  complaint will be liberally construed and will be dismissed only if it appears 'beyond doubt that the

27  plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Estelle*

28  *v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)).

However, "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).

Here, Plaintiff proffers that only Defendant Plank (referred to as "Plack" in Plaintiff's Complaint), "did or should have known and understood from the very beginning, of the extremely visible presence of literary hyperbole" and that he "knew that the exact content of the so called threat words would never happen." (Compl. ¶¶ 26, 31). Plaintiff's Complaint does not refer to any other City Defendant.

Because Plaintiff has failed to allege how individual City Defendants caused or personally participated in causing Plaintiff's alleged harm, and because Plaintiff's allegation that Defendant Plank knew or should have known that Plaintiff's Internet posting was literary hyperbole and would never happen is insufficient to withstand a Motion to Dismiss, the Court **GRANTS** City Defendants' Motion to Dismiss each of Plaintiff's Section 1983 claims against individual City Defendants Dana Reno, Douglas Plank, James Holt, and Fritz Luderman. Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the individual City Defendants, Dana Reno, Douglas Plank, James Holt, and Fritz Luderman. Plaintiff's Amended Complaint should allege, with specificity, how each individual City Defendant's action or inaction deprived him of his constitutional rights. The Court now turns to Plaintiff's remaining Section 1983 claims against the City of Crescent City.

**B.      First, Second, and Fourth Amendment Claims Against the City**

The City of Crescent City is the only remaining City Defendant to Plaintiff's Section 1983 claims. As a municipality, Section 1983 claims against the City of Crescent City are subject to special pleading requirements. As discussed below, Plaintiff's complaint fails to properly state claims for constitutional violations against the City of Crescent City.

Local government may not be sued under Section 1983 for a constitutional violation committed by its employees or agents unless that violation is pursuant to the execution of an official

5

1  policy or custom. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694 (1978). A plaintiff may

2  demonstrate a policy or custom to support municipal liability in a number of ways. A plaintiff "may

3  prove that a city employee committed the alleged constitutional violation pursuant to a formal

4  governmental policy or a 'longstanding practice or custom which constitutes the standard operating

5  procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir.

6  1992) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)) (internal quotation omitted). In

7  addition, a plaintiff "may prove that an official with final policy-making authority ratified a

8  subordinate's unconstitutional decision or action and the basis for it." *Id*. at 1346-47.

9  Here, Plaintiff's Complaint fails to allege that his constitutional injuries resulted from the

10  City of Crescent City's "policies, customs, or practices." In Plaintiff's Complaint, Plaintiff alleges

11  only that there were multiple noted failures across all levels of government including blatant lies and

12  evidence coverups. (Compl. ¶ 175.) Because Plaintiff has failed to sufficiently state a Section 1983

13  claim against the City of Crescent City, the Court **GRANTS** the City Defendants' Motion to

14  Dismiss as to Plaintiff's Section 1983 claims against the City of Crescent City.   Plaintiff shall have

15  thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if

16  any, against the City of Crescent City. Plaintiff's Amended Complaint should proffer facts

17  sufficient to establish that the City of Crescent City has a formal policy, or longstanding practice

18  which constitutes the standard operating procedure of the City, which was the moving force behind

19  the constitutional violation. The Court now turns to Plaintiff's remaining state law tort claims.

20  **II.    Motion to Dismiss State Law Tort Causes of Action Against All Defendants**

21  **A.    Failure to Allege Sufficient Facts of Compliance With The California Tort
       Claims Act**

22
23  Plaintiff's Complaint alleges state law tort causes of action against City Defendants for

   intentional infliction of emotional distress, assault, battery, malicious prosecution, trespass,
24
   conversion of personal property, and false imprisonment. (*Id.* ¶¶ 222, 224, ,226, 228, 230.)
25
   Plaintiff's Complaint against City Defendants must allege sufficient facts that Plaintiff submitted
26
   state law claims within the statutory requirements of the California Tort Claims Act ("CTCA"). The
27
   Court now examines the legal sufficiency of Plaintiff's Complaint against the City Defendants for
28
   state law tort claims under CTCA statutory requirements.

6

United States District Court
For the Northern District of California

1    The CTCA governs tort claims against public entities and their officials. *See* Cal. Gov. Code

2  § 810 *et seq.* The CTCA requires any civil complaint for money or damages must first be timely

3  presented in writing to, and rejected by, the pertinent public entity. Cal. Gov.Code §§ 910, 912.4,

4  912.8, 945.4; *See also Hart v. Alameda County*, 76 Cal. App. 4th 766, 778 (Cal. Ct. App. 1999).

5  Suits against a public entity or public employees are governed by the specific statute of limitations

6  provided in the Government Code, not the statute of limitations that applies to private defendants.

7  *Moore v. Twomey*, 120 Cal. App. 4th 910, 913-914 (2004); *Martel v. Antelope Valley Hospital*

8  *Medical Center*, 67 Cal. App. 4th 978, 981 (Cal. Ct. App. 1998). Each theory of recovery against

9  the public entity must have been reflected in a timely claim. *Munoz v. State of California*, 33 Cal.

10  App. 4th 1767, 1778 (Ct. Cal. App. 1995). In addition, the factual circumstances set forth in the

11  claim must correspond with the facts alleged in the complaint. *Brownell v. Los Angeles Unified*

12  *School Dist.*, 4 Cal. App. 4th 787, 793-94 (1992). If a claimant fails to timely file a claim with the

13  public entity, and its claim is consequently rejected by the public entity for that reason, courts are

14  without jurisdiction to hear the claimant's cause of action. *Greyhound Lines, Inc. v. County of Santa*

15  *Clara*, 187 Cal. App. 3d 480, 487 (1986).

16    Generally speaking, no suit for money or damages may be brought against a public entity on

17  a cause of action for which a claim is required to be presented until a written claim has been

18  presented to the public entity and has been acted upon by the board, or has been deemed to have

19  been rejected by the board. Cal. Gov. Code, § 945.4; *Ocean Services Corp. v. Ventura Port Dist.*, 15

20  Cal. App. 4th 1762, 1775 (Ct. Cal. App. 1993). Government Code section 911.2 requires the claim

21  relating to a cause of action for death or for injury to person or to personal property be presented not

22  later than *six months* after the accrual of the cause of action. Cal. Gov. Code § 911.2.[6] Furthermore,

23  Government Code section 945.4, requires presentation of a timely claim as a condition precedent to

24  the commencement of suit against the public entity. Government Code Section 945.6, subdivision

25

26  [6]The claim presentation requirement serves several purposes: (1) it gives the public entity prompt notice of a claim so it can investigate the strengths and weaknesses of the claim while the evidence is still fresh and the witnesses are available; (2) it affords opportunity for amicable adjustment, thereby avoiding expenditure of public funds in needless litigation; and

27  (3) it informs the public entity of potential liability so it can better prepare for the upcoming fiscal year. *Wadley v. County of Los Angeles*, 205 Cal. App. 2d 668, 670 (Ct. Cal. App. 1962); *Nguyen v. Los Angeles County Harbor/UCLA Medical*

28  *Center*, 8 Cal. App. 4th 729, 734 (Ct. Cal. App. 1992).

1   (a)(1), requires the commencement of the suit to be no later than six months after written notice of

2   the rejected claim. Cal. Gov. Code § 945.6.

3       California Government Code section 945.3 provides that the CTCA statute of limitations is

4   tolled for a person charged with a criminal offence and bringing a civil action for money against a

5   peace officer or public entity employing the peace officer based upon conduct of the peace officer

6   relating to the offense for which the accused. Cal. Gov. Code §945.3. The applicable statute of

7   limitation is tolled for claims against peace officers or public entities employing the peace officers

8   while criminal charges are pending before a superior court. *Id.* Under this section criminal charges

9   are "pending" until the date of judgment. *See McAlpine v. Superior Court*, 209 Cal. App. 3d 1, 3

10  (1989). However, the applicable statute of limitation is not tolled while a case is on appeal. Cal.

11  Gov. Code § 945.3.

12      Here, Plaintiff alleges only that, sometime in 2004, he filed a notice of claim entitled

13  "Government Claim for Damages and Injunctive Relief (Government Code 910)" that was filed

14  within the six month limitation period required by CTCA statute. (Compl. ¶ 7.) Because Plaintiff

15  has proffered only a conclusory allegation that he has complied with necessary CTCA filing

16  requirements, Plaintiff has not alleged sufficient facts to support his CTCA claim against the City

17  Defendants. For this reason, the Court **GRANTS** the City Defendants' Motion to Dismiss Plaintiff's

18  state law tort claims. Plaintiff shall have thirty days from the entry of this order to file an Amended

19  Complaint to properly allege his state law tort claims, if any, against the City Defendants. Plaintiff's

20  Amended Complaint should provide a factual basis for alleging that Plaintiff's commencement of

21  this civil action was timely under the pertinent Government Code Sections.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

8

//

//

# CONCLUSION

For the foregoing reasons, the Court:

1.    **GRANTS** City Defendants' Motion to Dismiss each of Plaintiff's Section 1983 claims against individual City Defendants Dana Reno, Douglas Plank, James Holt, and Fritz Ruderman.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the individual City Defendants, Dana Reno, Douglas Plank, James Holt, and Fritz Luderman;

2.    **GRANTS** the City Defendants' Motion to Dismiss as to Plaintiff's Section 1983 claims against the City of Crescent City.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege claims, if any, against the City of Crescent City; and

3.    **GRANTS** the City Defendants' Motion to Dismiss Plaintiff's state law tort claims.  Plaintiff shall have thirty days from the entry of this order to file an Amended Complaint to properly allege his state law tort claims, if any, against the City Defendants.[7]

**IT IS SO ORDERED.**

Dated: June 21, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

[7]Because the Court has dismissed Plaintiff's claims against the City Defendants, the Court does not address Plaintiff's First Amendment Claim that his Internet Posting was protected speech, and need not address the City Defendants' Motion to Strike and Motion for a More Definite Statement.

9

# EXHIBIT I

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10
11  JOHN GIMBEL,                                    No. C 07-0113 MJJ

12          Plaintiff,                              **ORDER GRANTING DEFENDANT'S**
                                                    **MOTION TO DISMISS**
13      v.

14  STATE OF CALIFORNIA, et al.,

15          Defendants.
                                          /
16
17                              **INTRODUCTION**

18          Before the Court is Defendant State of California's ("Defendant" or "State") Motion to

19  Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Pro se Plaintiff John

20  Gimbel ("Plaintiff" or "Gimbel") opposes Defendant's Motion to Dismiss.  For the following

21  reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

22                          **FACTUAL BACKGROUND**

23          In this civil action Plaintiff seeks monetary damages from Defendant under federal and state

24  causes of action resulting from Plaintiff's arrest and subsequent prosecution for an Internet message

25
26
27
28
_____
[1]Docket No. 31. Plaintiff alleges claims against the following list of Defendants: State of California, Del Norte
County Sheriff's Department, Jerry Harwood, Bill Steven, Gene McManus, Melanie Barry, Dana Reno, Robert Barber, Ed
Fleshman, Crescent City Police Department, Douglas Plack, Greg Johnson, James Holt, Caleb Chadwick, Thomas Burke,
Del Norte District Attorney, Darren McElfresh, and Fritz Luderman.

posted[2] on the Internet Community Forum for the City of Crescent City. As best as the Court can discern, the material allegations from Plaintiff's Complaint are as follows.

On April 8, 2004, the Del Norte County Sheriff's Department arrested Plaintiff and removed two computers and two handguns from the arrest location. (Compl. ¶ 5.) Defendants charged Plaintiff with violating Cal. Penal Code § 71.[3] (Id. ¶ 25.) Plaintiff's criminal jury trial began on September 26, 2005. (Id. ¶ 121.) Following his conviction, the trial court sentenced Plaintiff on October 27, 2005.[4] However, on June 17, 2006, the appellate court overturned Plaintiff's conviction. (Id. ¶¶ 5, 10.)

On August 30, 2004, Plaintiff filed a notice of claim titled "Government Claim For Damages and Injunctive Relief (Government Code 910)." (Id. Ex. 2.) Plaintiff's government claim against Defendants alleged the same causes of action against the same list of Defendants as does Plaintiff's current Complaint. (Id.) Plaintiff alleges that he filed the claim within the statutory of limitations period for such a claim. (Id. ¶ 7.) Plaintiff's administrative claim was rejected on October 15, 2005. (Declaration of John Vrieze ("Vrieze Decl.") ¶ 9, Ex. H.)

On January 8, 2007, Plaintiff filed the operative complaint now before this Court. Plaintiff's Complaint alleges federal claims for relief against Defendant for violation of his rights under the First, Second, and Fourth Amendments of the United States Constitution. (Id. ¶¶ 215, 234, 236.) Plaintiff's Complaint also alleges state law tort causes of action for intentional infliction of emotional distress, assault, battery, malicious prosecution, trespass, conversion of personal property, and false imprisonment. (Id. ¶¶ 222, 224, ,226, 228, 230.) Plaintiff seeks damages of $1.36 billion.

---

[2]Pro se Plaintiff's internet posting read,

Just got a $5 parking ticket. The Crescent City piggy-wiggly that gave it to me left a little over-zealous. That's a drag. I am hereby deputizing all the citizens of Crescent City to fix up some of the f*ck up piggos. Grab those hi-powered deer rifles, each and every, and get in groups of 50 and more and go breeze away to dust the skull of the policy chief.

Make an example of that scum. That should do it for awhile. However, if any other piggos down at the station give you crap on this or get in the way, then blow their skulls off, too.

(Compl. Ex. A.)

[3] "Threatening Public Officers and Employees and School Officials." Cal. Penal Code § 71.

[4]See Plaintiff's Exhibit 4, Docket No. 4

2

1  (*Id.* ¶ 106.)

2  **LEGAL STANDARD**

3  **A.    Subject Matter Jurisdiction**

4          Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for

5  lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court

6  presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the

7  burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*,

8  511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do

9  so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th

10  Cir. 2000).

11          A facial attack is one where "the challenger asserts that the allegations contained in a

12  complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v.*

13  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court

14  must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d

15  1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic

16  evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does

17  not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See*

18  *White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a

19  factual motion by presenting affidavits or evidence properly before the court, the party opposing the

20  motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing

21  subject matter jurisdiction. "*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.

22  2003).

23          In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question

24  jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678

25  [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for*

26  *Everyone*, 373 F.3d at 1039. The Bell standard provides that jurisdictional dismissals are warranted

27  "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial

28  and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly

United States District Court

For the Northern District of California

3

United States District Court

For the Northern District of California

1   insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished

2   that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional

3   issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the

4   resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The

5   jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for

6   both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for

7   relief" *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

8   **B.    Motions to Dismiss**

9        A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

10  sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a

11  Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the

12  Court ordinarily limits its review to the face of the complaint. See *Van Buskirk v. Cable News*

13  *Network*, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the

14  plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a

15  cognizable legal theory. See *SmileCare Dental Group v. Delta Dental Plan of Cal.*, Inc., 88 F.3d

16  780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988);

17  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is

18  appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of

19  a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule

20  12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and

21  construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d

22  428, 435 (9th Cir. 2000).

23       A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the

24  pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*,

25  749 F.2d 530, 533-34 (9th Cir. 1984). When deciding upon a motion to dismiss pursuant to Rule

26  12(b)(6), a court must take all of the material allegations in the plaintiff's complaint as true, and

27  construe them in the light most favorable to the plaintiff. *Parks School of Business, Inc. v.*

28  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

United States District Court
For the Northern District of California

In the context of a motion to dismiss, review is limited to the contents in the complaint. *Allarcom Pay Television, Ltd. v. General Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). When matters outside the pleading are presented to and accepted by the court, the motion to dismiss is converted into one for summary judgment. However, matters properly presented to the court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Where a plaintiff fails to attach to the complaint documents referred to therein, and upon which the complaint is premised, a defendant may attach to the motion to dismiss such documents in order to show that they do not support the plaintiff's claim. *See Pacific Gateway Exchange,* 169 F. Supp. 2d at 1164; *Branch v. Tunnell*, 14 F.3d 449, 44 (9th Cir. 1994) (overruled on other grounds). Thus, the district court may consider the full texts of documents that the complaint only quotes in part. *See In re Stay Electronics Sec. Lit.*, 89 F.3d 1399, 1405 n.4 (1996), cert denied, 520 U.S. 1103 (1997). This rule precludes plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998).

## ANALYSIS

**A.      Subject Matter Jurisdiction.**

**1.      Eleventh Amendment Bar on Federal Court Claims Against State Actors**

Defendant's first argument is that this Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Defendant contends that the Eleventh Amendment to the United States Constitution bars federal court claims against the State of California and its instrumentalities and agencies, therefore, this Court must dismiss Plaintiff's claims against the State of California. In Plaintiff's Opposition, Plaintiff proffers no cognizable legal theory opposing Defendant's contention. As explained below, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims against Defendant.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

United States District Court
For the Northern District of California

1  Const. amend. XI. Fundamental Eleventh Amendment doctrine provides that states cannot be sued

2  in federal court, absent their consent. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). The

3  Eleventh Amendment prohibits federal courts from hearing suits brought against a state without the

4  state's consent. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir.1991).

5  The Eleventh Amendment's jurisdictional bar covers suits "naming state agencies and departments

6  as defendants, and applies whether the relief sought is legal or equitable in nature." (*Id.*) The

7  Amendment thus is a specific constitutional bar against hearing even federal claims that otherwise

8  would be within the jurisdiction of the federal courts. *Pennhurst State School & Hosp. v.*

9  *Halderman,* 465 U.S. 89, 120 (1984). This constitutional bar applies to pendent claims as well. *Id.*

10      Because Plaintiff's Complaint raises federal claims and state law claims against the State of

11  California and the state does not consent to be sued, the claims are barred by the Eleventh

12  Amendment. For this reason the court grants Defendant's motion to dismiss pursuant to Rule

13  12(b)(1).

**CONCLUSION**

14

15      For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss **WITH**

16  **PREJUDICE.**[5]

17

18  **IT IS SO ORDERED.**

19

20  Dated: June_21_, 2007

21                                        MARTIN J. JENKINS
                                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28      [5]Because the Court finds that it does not have subject matter jurisdiction over Plaintiff's federal or state claims, the Court need not address Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

# EXHIBIT J

John Gimbel
225 Brevus St.
Crescent City CA
95531
707.464.5908
Plaintiff, in pro se

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

JOHN GIMBEL
      Plaintiff,

vs.

STATE OF CALIFORNIA,
DEL NORTE
COUNTY SHERIFF'S DEPARTMENT,
JERRY HARWOOD, BILL STEVEN,
GENE McMANUS, MELANIE
BARRY, DANA RENO,
ROBERT BARBER, ED FLESHMAN,
CRESCENT CITY
POLICE DEPARTMENT,
DOUGLASS PLACK, GREG
JOHNSON, JAMES
HOLT, CALEB CHADWICK,
THOMAS BURKE, DEL NORTE
DISTRICT ATTORNEY, KEITH
MORRIS, AC FIELD, MICHAEL RIESE,
DARREN McELFRESH, AND FRITZ
LUDERMAN

      Defendants

| CASE NO. : C070113 MJJ |
| AMENDED COMPLAINT |

--------------------------------------------------------------

    Man, you are one stupid fucking nigger boy that I see. Let's try it fom de heart, turd dipstick--get yo rid of a bit o dat gobbledy-gook cite

# EXHIBIT K

1  John M Vrieze, CSB #115397
   William F. Mitchell, CSB #159831
2  MITCHELL, BRISSO, DELANEY & VRIEZE
   Attorneys at Law
3  814 Seventh Street
   P. O. Drawer 1008
4  Eureka, CA  95502
   Tel:  (707) 443-5643
5  Fax: (707) 444-9586

6  Attorney for Defendants
   County of Del Norte, Jerry Harwood, Bill Steven,
7  Gene McManus, Melanie Barry, Robert Barber,
   Ed Fleshman, Keith Morris, A.C. Field,
8  District Attorney Michael Riese, Darren McElfresh

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12  JOHN GIMBEL,                      CASE NO.: C 070113 SBA

13        Plaintiff,                  NOTICE AND MEMORANDUM OF
                                      POINTS AND AUTHORITIES IN
14  vs.                               SUPPORT OF MOTION TO DISMISS
                                      AMENDED COMPLAINT
15  STATE OF CALIFORNIA, DEL
    NORTE COUNTY SHERIFF'S
16  DEPARTMENT, JERRY HARWOOD,        DATE:  September 18, 2007
    BILL STEVEN, GENE McManus,        TIME:   1:00 p.m.
17  MELANIE BARRY, DANA RENO,         CTRM:  3, 3rd Floor
    ROBERT BARBER, ED FLESHMAN,
18  CRESCENT CITY POLICE
    DEPARTMENT, DOUGLASS PLACK,
19  GREG JOHNSON, JAMES HOLT,
    CABLEB CHADWICK, THOMAS
20  BURKE, DEL NORTE DISTRICT
    ATTORNEY KEITH MORRIS, AC
21  FIELD, MICHAEL RIESE, DARREN
    MCELFRESH, and FRITZ LUDERMAN,
22
          Defendants.
23

24  _____

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

                        0
          MOTION TO DISMISS AMENDED COMPLAINT

# EXHIBIT L

1   WILLIAM D. AYRES, SBN: 098901
    HARR, ARTHOFER & AYRES
2   1415 COURT STREET
    REDDING, CALIFORNIA 96001
3   TELEPHONE: (530) 229-1340
    FACSIMILE: (530) 229-1345

4
    Attorneys for Defendants CITY OF CRESCENT CITY
5   (erroneously sued herein as CRESCENT CITY POLICE
    DEPARTMENT), DANA RENO, DOUGLASS PLANK,
6   JAMES HOLT, and FRITZ LUDERMAN

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN GIMBEL,                          Case No.   C-07-00113 SBA

12              Plaintiff,                **NOTICE OF MOTION AND**
                                          **MEMORANDUM OF POINTS AND**
13  vs.                                   **AUTHORITIES IN SUPPORT OF**
                                          **MOTION TO DISMISS AMENDED**
14  STATE OF CALIFORNIA, DEL NORTE        **COMPLAINT**
    COUNTY SHERIFF'S DEPARTMENT,
15  JERRY HARWOOD, BILL STEVEN,           **Date:    September 25, 2007**
    GENE McMANUS, MELANIE BARRY,          **Time:    1:00 p.m.**
16  DANA RENO, ROBERT BARBER, ED          **Courtroom No.:  3, 3rd Floor**
    FLESHMAN, CRESCENT CITY POLICE
17  DEPARTMENT, DOUGLASS PLACK,
    GREG JOHNSON, JAMES HOLT,
18  CALEB CHADWICK, THOMAS BURKE,
    DEL NORTE DISTRICT ATTORNEY,
19  KEITH MORRIS, AC FIELD, MICHAEL
    RIESE, DARREN McELFRESH, and
20  FRITZ LUDERMAN,

21              Defendants.

22

23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24          Please take notice that on Tuesday, September 25, 2007, at 1:00 p.m., or as soon

25  thereafter as the parties may be heard, defendants CITY OF CRESCENT CITY

26  (erroneously sued herein as CRESCENT CITY POLICE DEPARTMENT), DANA RENO,

27  DOUGLASS PLANK, JAMES HOLT, and FRITZ LUDERMAN (hereinafter "defendants"),

28  will move this Court, at the United States Courthouse, Oakland Division, located at 1301

# EXHIBIT M

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  JOHN GIMBEL,

9        Plaintiff,                          No. C 07-0113 SBA

10 vs.                                       **ORDER**

11 STATE OF CALIFORNIA, DEL NORTE
   COUNTY SHERIFF'S DEPARTMENT,
12 JERRY HARWOOD, BILL STEVEN,
   GENE McMANUS, MELANIE BARRY,
13 DANA RENO, ROBERT BARBER, ED
   FLESHMAN, CRESCENT CITY POLICE
14 DEPARTMENT, DOUGLASS PLACK,
   GREG JOHNSON, JAMES HOLT,
15 CALEB CHADWICK, THOMAS BURKE,
   DEL NORTE DISTRICT ATTORNEY,
16 KEITH MORRIS, AC FIELD, MICHAEL
   RIESE, DARREN McELFRESH, and
17 FRITZ LUDERMAN,

18       Defendants.
                                          /
19

20        On January 8, 2007, plaintiff John Gimbel filed his original Complaint in this action. All of the

21 defendants moved to dismiss the Complaint on various grounds. On June 22, 2007, the Court granted

22 the Motions to Dismiss. *See* Docket Nos. 49 & 50. The Court's Order included a detailed discussion of

23 the pleadings and applicable law, and specifically allowed Gimbel 30 days to file an Amended

24 Complaint properly alleging claims, if any, against the defendants. On July 12, 2007, plaintiff filed a

25 6-page document entitled "Amended Complaint." Docket No. 52.

26        Judge Jenkins recused himself from this case on July 23, 2007, and the case was reassigned to

27 this Court. *See* Docket Nos. 55 & 56. The defendants have moved to dismiss the Amended Complaint

28 for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

United States District Court
For the Northern District of California

The Court need not look past the first sentence of Gimbel's "Amended Complaint" to see that it is nothing more than profanity-ridden drivel, replete with racial epithets directed at specific members of this Court, and should be dismissed with prejudice. Even if the "Amended Complaint" actually alleged a cognizable claim (which a cursory review of the document demonstrates that it does not), the Court is under no obligation to consider the merits of Gimbel's calumnious screed, which is a stream-of-consciousness diatribe directed primarily at insulting the Court.

While it is true that pro se complaints are held to a less stringent pleading standard than attorneys, pro se litigants must follow the same general rules of procedure and decorum that govern other litigants. *See Haines v. Kerner*, 404 U.S. 519 (1972); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Brown v. Rumsfield*, 211 F.R.D. 601, 605 (N.D. Cal. 2002). The Amended Complaint filed by Gimbel is an abusive document designed to insult the Court, and will be dismissed under the Court's inherent powers to summarily dismiss abusive pleadings.

"Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir.1993). Accordingly, "if the complaint or other pleadings are abusive or contain offensive language, they may be stricken *sua sponte* under the inherent powers of the court." *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir.1981). Particularly apposite here, the court in *Theriault v. Silber*, 579 F.2d 302 (5th Cir.1978) dismissed an appeal with prejudice because the appellant's notice of appeal contained "vile and insulting references to the trial judge." Although recognizing the leniency typically given to pro se plaintiffs, the court stated, as is apt here: "This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Id.* at 303; *see also Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir.1959) ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant ... as either scandalous,

1  impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be justified by this

2  Court.")

3       Accordingly, IT IS HEREBY ORDERED THAT defendants' Motions to Dismiss [Docket Nos.

4  57 & 59] are GRANTED. Gimbel's Amended Complaint is DISMISSED WITH PREJUDICE. The

5  Clerk is directed to close the file and terminate any pending matters.

6       IT IS SO ORDERED.

7
   Dated: 9/18/07                        *Saundra B Armstrong*

8                                         SAUNDRA BROWN ARMSTRONG
                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GIMBEL et al,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.
_____/

Case Number: CV07-00113 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 19, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John  Gimbel
225 Brevus Street
Crescent City,  CA 95531

Dated: September 19, 2007

                     Richard W. Wieking, Clerk
                     By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California

4

# EXHIBIT N

1   **John Gimbel**
2   **225 Brevus St.**
    **Crescent City CA**
3   **95531**
    **707.464.5908**
4   **Plaintiff, in pro se**

5

6                        **UNITED STATES DISTRICT COURT**

7                      **NORTHERN DISTRICT OF CALIFORNIA**

8

9   JOHN GIMBEL                              CASE NO. : C070113 SBA
              Plaintiff,                     **NOTICE OF APPEAL**
10

11  vs.

12  STATE OF CALIFORNIA, DEL NORTE
    COUNTY SHERIFF'S DEPARTMENT,
13  JERRY HARWOOD, BILL STEVEN, GENE
    McMANUS, MELANIE BARRY, DANA RENO,
    ROBERT BARBER, ED FLESHMAN,
14  CRESCENT CITY
    POLICE DEPARTMENT,
15  DOUGLASS PLACK, GREG JOHNSON, JAMES
    HOLT, CALEB CHADWICK, THOMAS
16  BURKE, DEL NORTE DISTRICT ATTORNEY,
17  KEITH MORRIS, AC FIELD, MICHAEL RIESE,
    DARREN McELFRESH, AND FRITZ
18  LUDERMAN

19

20              Defendants

21  ----------------------------------------------------------

22       Notice is hereby given that John Gimbel, plaintiff in the above named case,
23  hereby appeals to the United States Court of Appeals for the 9th Circuit, from the
24  judgement, from an order entered in this action, document 68, on the 19th day of
    September, 2007.
25

26  Dated _Oct. 16, 2007_              _____     **in pro se**
27                                     225 Brevus St.
28                                     Crescent City, CA 95531

Notice of Appeal C07 0113 SBA                    -1-

## PROOF OF SERVICE BY MAIL, PERSONAL DELIVERY,
## OVERNIGHT MAIL, OR FACSIMILE TRANSMISSION

I am a citizen of the United States and a resident of Del Norte County; I am over the age of eighteen (18) years; my address is  1533 Oregon St. ,  Crescent City, CA 95531.

On October 16, 2007 I served the  documents within, described as 5 copies of **NOTICE OF APPEAL**, to the interested parties in said action:

_____ By overnight FedEx.

____X____ By following the ordinary business practice, placing on that date at my place of business, a true copy thereof enclosed in a sealed envelope(s) with postage thereon fully prepaid, for collection and mailing with the United States Postal Service at Crescent City,   California, where it would be deposited with the United States Postal Service that same day in the ordinary course of business addressed as follows:

(( Ronald V. Dellums Federal Building–Appeal
**Room 400 South**
1301 Clay Street
Oakland, CA 94612-5217 ))

_____ By personally delivering a copy of said document(s) on the party(ies)named below at the following address(es):

_____ By following the ordinary business practice, placing on that date at my place of business, the above documents for deposit that same day in a box or other facility regularly maintained by Federal Express, in an envelope or package designated by Federal Express, with delivery fees paid or provided for as follows:

_____ By transmitting by facsimile machine, telephone number 707 464 5908, to the party(ies) named below at the facsimile machine telephone number listed below. The facsimile machine I used complied with California Rules of Court, rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Name:_____    Facsimile No: _____
Name:_____    Facsimile No: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this day of  October 16 , 2007 at Crescent City, California.

Dave Stiles

## CERTIFICATE OF SERVICE

1

2

3      I am a citizen of the United States and a resident of the County of Humboldt, over
the age of eighteen years and not a party to or interested in the within entitled cause, my
4    business address is 814 Seventh Street, Eureka, California.

5      On this date, I served the following documents:

6

7                    **DECLARATION OF JOHN M. VRIEZE**

8    __xx__    By placing a true copy thereof enclosed in a sealed envelope with first class
postage thereon fully prepaid for collection and mailing on this date and at
9           the place shown, to the party(ies) and at the address(es) set forth below. I
am readily familiar with this business' practice for collecting and
10          processing documents for mailing. On the same day that documents are
placed for collection and mailing, they are deposited in the ordinary course
11          of business with the United States Postal Service at Eureka, California.
12    _____    By personally delivering a true copy thereof to the party(ies) and at the
address(es) as set forth below.
13    _____    By personally faxing a true copy thereof to the party(ies) and at the
14          facsimile number(s) as set forth below.

15      I declare under penalty of perjury that the foregoing is true and correct. Executed
16    February 5, 2008, at Eureka, California.

17

18                              Micalyn Harris

19

20    John Gimbel
225 Brevus Street
21    Crescent City, CA 95531
*Plaintiff in Pro Per*
22

23

24

25

26