IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIMBEL,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, COUNTY OF DEL NORTE, DEL NORTE COUNTY SHERIFF'S DEPARTMENT, FRANK VILLARREAL, DEL NORTE DISTRICT ATTORNEY, UNNAMED ACCOMPLICE "DOE" TO VILLARREAL, DEL NORTE SUPERIOR COURT,<br><br>    Defendant.<br>_____ / | No. C 07-05816 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Now pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants request that the Court dismiss plaintiff John Gimbel's claim for relief on the ground that the claim is barred by the Rooker-Feldman doctrine. After carefully considering Plaintiff's complaint, the Court concludes that subject matter jurisdiction is lacking and GRANTS Defendants' motion to dismiss. The hearing schedule for March 14, 2008 is thereby VACATED.

**BACKGROUND**

This cases arises from the issuance of a one-year restraining order, effective from July 21, 2006 to July 21, 2007, prohibiting Plaintiff from contacting defendant Frank Villarreal. Compl. ¶ 4. The initial act of harassment involved a series of phone calls to Villarreal's

place of employment at the Del Norte County Sheriff's Department. Compl. ¶ 5. These calls commenced after Villarreal issued Plaintiff a citation for inoperable break lights and for failure to provide proof of automobile liability insurance. Gimbel Decl., Ex. N. On June 5, 2006, Villarreal commenced a state civil court action with the Del Norte County Superior Court seeking a request for orders to stop harassment, a notice of hearing, and a temporary restraining order as a result of the phone calls placed by Plaintiff. Gimbel Decl., Ex. A.

On June 23, 2006, Judge Follett issued a three-year restraining order prohibiting Plaintiff from coming within 100 yards of Villarreal, his home or vehicle, and contacting him by telephone. Gimbel Decl. at 10:5-27. Plaintiff failed to appear and claimed he had gone to the wrong courtroom. Id. at 5:1-3; 11:10-15:17. Subsequently, Judge Follett granted a motion to set aside the restraining order on July 21, 2006. Id. at 21:1-11.

A second hearing was held on July 21, 2006, at which time the one-year restraining order was issued against Plaintiff. See id., Ex. F at 21-41. Plaintiff then appealed the issuance of the restraining order to the Court of Appeal for the State of California. Villarreal v. Gimbel, 2007 WL 1229493, at *1 (Cal. Ct. App. April 27, 2007). On appeal, Plaintiff claimed that his phone contacts with Villarreal were protected by his right to free speech under the First Amendment of the United States Constitution. Id. at *2. The Court of Appeal affirmed the trial court's order granting the restraining order. Id. at *3. Plaintiff now attempts in federal court to seek relief under 42 U.S.C. § 1983, alleging that his First Amendment right to free speech has been violated.

**STANDARD OF REVIEW**

Pursuant to 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. See Fed. R. Civ. P. 12(b)(1). Unlike a motion under 12(b)(6), the Court is not required to accept all of the non-moving party's factual allegations as true. Instead, the party moving under Rule 12(b)(1) may submit evidence indicating that the court lacks subject matter jurisdiction. "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Ass'n of Am. Med.

Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000) (noting that a district court "obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes").

## DISCUSSION

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review final state court judgments. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). With the exception of habeas corpus petitions, the Rooker-Feldman doctrine prohibits district courts from "sit[ting] in direct review of state court decisions." Feldman, 460 U.S. at 482 n.16. The doctrine bars "a losing party in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994)).

The Rooker-Feldman doctrine derives from 28 U.S.C. § 1257, the statutory provision that grants the Supreme Court jurisdiction to review decisions of the highest state courts. Because the statute reserves jurisdiction exclusively to the Supreme Court, "it is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." Ernst v. Child & Youth Servs., 108 F.3d 486, 491 (3d Cir. 1997). The doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. See Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir. 1994).

Here, Plaintiff's eighty-five page complaint does not state a valid basis for subject matter jurisdiction because the case falls directly within the Rooker-Feldman doctrine. Plaintiff's complaint challenges the restraining order issued against him in state court, arguing that it violated his First Amendment right to free speech. Plaintiff requests that this Court invalidate that judgment and enjoin its enforcement. Plaintiff is essentially trying to

3

seek appellate review of the restraining order. The Rooker-Feldman doctrine clearly prevents this Court from granting Plaintiff the relief he requests.

The mere fact that Plaintiff has asserted constitutional claims under 42 U.S.C. § 1983 does not correct the jurisdictional problem. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 n.4 (9th Cir. 1986) ("Cases subsequent to Feldman make it clear that Feldman's jurisdictional bar applies in the §1983 context, as elsewhere."). The Rooker-Feldman doctrine precludes district courts from considering constitutional claims that are "inextricably intertwined" with the state court's rulings. Id. at 891. A federal claim is considered "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring). In other words, "the district court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting a review of the state court's legal determinations in a particular case." Lefcourt v. Superior Court, 63 F. Supp. 2d 1095, 1098 (N.D. Cal. 1999).

Plaintiff's complaint asks the Court to review and invalidate the state court decision. But the Court cannot evaluate Plaintiff's federal claim without, in effect, conducting an appellate review of the state court judgment. The fact that plaintiff frames his charge as a § 1983 claim does not alter its fundamental nature. Because the Court does not have subject matter jurisdiction to decide this matter, the defendants' motion to dismiss is granted with prejudice.

**IT IS SO ORDERED.**

Dated: February 29, 2008                    CHARLES R. BREYER
                                            UNITED STATES DISTRICT JUDGE